FILED

2018 DEC -7 PM 3: 35

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

US DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CLARK STEWART, *on behalf of himself*
*and all others similarly situated,*

        Plaintiff,

v.

FLORIDA COMMUNITY LAW GROUP,
P.L.,

        Defendant.

                      /

CASE NO.
6:18-cv-2111-Orl-41DCI

**CLASS ACTION COMPLAINT AND**
**TRIAL BY JURY DEMAND**

**NATURE OF ACTION**

1.     Plaintiff Clark Stewart ("Plaintiff") brings this putative class action against Defendant Florida Community Law Group, P.L. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, individually and on behalf of all others similarly situated.

**JURISDICTION, STANDING, AND VENUE**

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may

1

'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6.      The FDCPA is described as a strict liability statute which "typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

7.      "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

8.    The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

9.    This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (quoting *Jeter*, 760 F.2d at 1177 n.11)).

## PARTIES

10.    Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Orange, and City of Ocoee.

11.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.    Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14.    Plaintiff is a natural person allegedly obligated to pay a debt.

15.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, the replacement of Plaintiff's residential roof (the "Debt").

16.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17.    Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18.    In connection with the collection of the Debt, Defendant filed a lawsuit against Plaintiff dated October 10, 2018.

19.    A true and correct copy of the lawsuit and accompanying documents (collectively, the "Lawsuit") is attached as Exhibit A.

20.    The Lawsuit required Plaintiff to respond within twenty days after service. Exhibit A at 2.

21.    The Lawsuit included a document entitled "Notice required by the Fair Debt Collection Practices Act ("The Act") 15 U.S.C. Section 1601, as amended" (the "Notice"). Exhibit A at 16 (emphasis omitted).

22.    The Notice purports to contain the notices required by 15 U.S.C. § 1692g(a).

23.    The Lawsuit does not explain the apparent contradiction between the requirement to respond within twenty days and the consumer's right to dispute the Debt within thirty days.

24.    The Lawsuit and Notice was Defendant's initial communication with Plaintiff with respect to the Debt.

25.    In the alternative, the Notice was improperly included with the Lawsuit because it was a legal pleading and thus not the initial communication with Plaintiff with respect to the Debt.

26.     The Notice misleadingly states: "This law firm *may* be deemed a 'debt collector' under the Fair Debt Collection Practices Act. Any and all information obtained during the prosecution of this lawsuit *may* be used for all purposes of collecting a debt." *Id.* (emphasis added).

27.     Upon reading the Notice, the least sophisticated consumer would be unsure whether Defendant was a debt collector under the FDCPA.

28.     The Notice further states that "[t]he amount of the debt is stated in paragraph 9 of the Complaint attached hereto." *Id.*

29.     Paragraph 9 of Defendant's complaint identifies the amount of the Debt as "$3,290.97 *exclusive of interest, costs, and attorney's fees.*" *Id.* at 8 (emphasis added).

30.     The Lawsuit does not identify any amount of interest, costs, or attorney's fees. *See* Exhibit A.

31.     The Lawsuit does not meaningfully convey the amount of the Debt.

32.     The Notice further states: "The debt described in the Complaint and evidenced by the document(s) attached to the Complaint will be assumed to be valid by the creditor's law firm unless the debtor, within thirty (30) days after the receipt of this notice, disputes *in writing* the validity of the debt or some portion thereof." *Id.* at 16 (emphasis added).

## CLASS ALLEGATIONS

33.     Plaintiff repeats and re-alleges each factual allegation above.

34.     Defendant's Notice is based on a form or template (the "Template").

35.     Defendant has served a notice based on the Template along with a lawsuit on more than forty (40) individuals in the State of Florida in the year prior to the filing of this action.

36.     Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class:

> All individuals in the State of Florida to whom Defendant served, within one year before the date of this complaint and in an attempt to collect a debt, a lawsuit and notice based on the Template.

37.     The proposed class specifically excludes the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to or within the third degree of consanguinity or affection to any of the foregoing persons.

38.     The class is averred to be so numerous that joinder of members is impracticable.

39.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

40.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

41.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the

matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

42.    The claims of Plaintiff are typical of the claims of the class he seeks to represent.

43.    The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

44.    Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

45.    Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

46.    Plaintiff is willing and prepared to serve this Court and the proposed class.

47.    The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

48.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, who will adequately prosecute this action, and who will assert, protect and otherwise represent Plaintiff and all absent class members.

49.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as

a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

50.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

51.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

52.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

53.    Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration

of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e**

54.    Plaintiff repeats and re-alleges the factual allegations at ¶¶ 10-32.

55.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

56.    Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

c)  Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

9

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

57. Plaintiff repeats and re-alleges the factual allegations at ¶¶ 10-32.

58. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

59. The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

60.    "[T]o send a consumer an unnecessary notice pursuant to § 1692g, during the pendency of a lawsuit, could confuse an unsophisticated consumer." *Campbell v. Sansone Law, LLC*, No. 4:16-CV-00175-NCC, 2016 WL 4089349, at *3-4 (E.D. Mo. Aug. 2, 2016) (citing *Battle v. Gladstone Law Grp., P.A.*, 951 F. Supp. 2d 1310, 1315 (S.D. Fla. 2013) (finding plaintiff had sufficiently pled a § 1692e(10) violation because the "least sophisticated consumer" could be deceived or confused when the summons sets out a 20–day deadline to respond to the lawsuit and the notice provides for a 30–day deadline)).

61.    Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)    Adjudging that Defendant violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the class he seeks to represent;

c)    Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)    Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)    Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000

or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. §

1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff and the class he seeks to represent, reasonable attorneys'

fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and

Rule 23;

g)  Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-

judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)

62.    Plaintiff repeats and re-alleges the factual allegations at ¶¶ 10-19; 24; 26-27.

63.    The FDCPA "provides a non-exhaustive list of conduct that is a violation of §

1692e, including: 'The failure to disclose in the initial . . . communication with the consumer

. . . that the debt collector is attempting to collect a debt and that any information obtained will

be used for that purpose.'"  *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1106

(W.D. Wash. 2012) (citing 15 U.S.C. § 1692e(11)).

64.    Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial

communication with Plaintiff that the communication was an attempt to collect a debt and any

information obtained would be used for that purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a

class representative under Rule 23 of the Federal Rules of Civil Procedure, and

designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(11) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692g(a)(1)

65.    Plaintiff repeats and re-alleges the factual allegations at ¶¶ 10-19; 21-22; 24; 28-31.

66.    A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute

the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

67.    Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991)).

68.    "It is not enough that the dunning letter state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004).

69.    Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the amount of the alleged debt to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

   b)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1) with respect to Plaintiff and the class he seeks to represent;

   c)  Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

 e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

 f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

 g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

 h) Awarding such other and further relief as the Court may deem proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692g(a)(3)**

70. Plaintiff repeats and re-alleges the factual allegations at ¶¶ 10-19; 21-22; 24; 32.

71. "Sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) explicitly require written communication, whereas section 1692g(a)(3) plainly does not." *Clark v. Absolute Collection Service, Inc.*, 741 F.3d 487, 490 (4th Cir. 2014).

72. "The plain language of subsection (a)(3) indicates that disputes need not be made in writing . . . ." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

73. Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to meaningfully convey to Plaintiff that unless Plaintiff disputes the validity of the alleged debt, or any portion thereof, within thirty days after receipt of the initial communication, the debt will be assumed valid by Defendant when stating that the dispute needs to be made in writing.

15

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(b)

74.    Plaintiff repeats and re-alleges the factual allegations at ¶¶ 10-24.

75.     To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id.*

76.     "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

77.     The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself. *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

78.     "Cases in which courts have found violation of section 1692g address collection letters that demanded payment within a time period that was less than the statutory thirty day period to dispute the debt, that emphasized the duty to make the payment, and that obscured the fact that the debtor had thirty days to dispute the debt." *Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1387 (S.D. Fla. 2014) (quotations omitted).

79.     If a debt collection letter "lacks any explanation of how the threats pressuring the consumer for immediate payment are consistent with the validation notice, the threats overshadow and contradict the notice, which therefore has not been effectively conveyed." *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 819-20 (M.D.N.C. 2011).

80.    While a debt collector may legally initiate legal action before the expiration of the 30-day period, a debt collection notice violates § 1692g where such threats would cause an unsophisticated consumer to overlook or ignore his or her rights.

81.    Where a collection letter makes no effort to explain that the consumer may take advantage of his or her rights under § 1692g, notwithstanding the requirement to respond to a lawsuit within the 30-day dispute period, the debt collector runs the risk of violating § 1692g(b).

82.    "*Bartlett* makes clear that although a debt collector has the right to sue a consumer during the statutory thirty-day period, it must tread carefully when leveraging this right in the initial collection letter to extract payment so as not to overshadow or contradict the consumer's validation rights." *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 820–21 (M.D.N.C. 2011).

83.    Defendant violated 15 U.S.C. § 1692g(b) by overshadowing or contradicting the disclosures required by to 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)    Adjudging that Defendant violated 15 U.S.C. § 1692g(b) with respect to Plaintiff and the class he seeks to represent;

c)    Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

18

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

### TRIAL BY JURY

84.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 29, 2018.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206