**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CLARK STEWART, on behalf of himself
and all other similarly situated,

Plaintiff,

Case No.: 6:18-cv-2111-ORL-41 DCI

vs.

FLORIDA COMMUNITY LAW GROUP,
P.L.

Defendant.

_____________________________________________/

**DEFENDANT, FLORIDA COMMUNITY LAW GROUP, P.L.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

**COMES NOW** Defendant, FLORIDA COMMUNITY LAW GROUP, P.L., by and through their undersigned counsel, and hereby files its Answer and Affirmative Defenses to the Class Action Complaint and Trial By Jury Demand filed by Plaintiff in or around December 7, 2018 (the "Complaint").

**ANSWER**

1. Defendant admits paragraphs 2, 4, and 10 of the Complaint for jurisdictional purposes only.

2. Defendant states that the case law and statutes discussed in paragraphs 3, 5 through 9, 55, 58 through 60, 63, 66 through 68, 71 through 72, and 75 through 82, speaks for itself, and as a result, no response is required.

3. Defendant admits that it is an entity who engages in the business of attempting to collect a debt.

4. Defendant admits that it is a debt collector.

5. Defendant admits that it regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, to another.

6. Defendant admits that Plaintiff is a natural person obligated to pay a debt, and that such debt arose from the replacement of Plaintiff's residential roof.

7. Defendant admits that as a law firm one of its attorneys filed a lawsuit against Plaintiff on or about October 10, 2018 (the "Lawsuit").

8. The documents filed within the Lawsuit speak for themselves, and as such, no response related to interpretations or legal conclusions set forth in paragraphs 19 through 23, and 26 through 32 of the Complaint are necessary. To the extent a response is necessary as to the aforementioned paragraphs, Defendant denies same.

9. Defendant admits that service of the Summons and Lawsuit filed against Plaintiff was Defendant's initial communication with Plaintiff.

10. Defendant is without knowledge as to the class action allegations set forth in paragraphs 36 through 53 of the Complaint, and therefore denies same.

11. Defendant denies each and every allegation contained within Plaintiff's Complaint not specifically admitted herein and demands strict proof thereof.

12. Defendant reserves the right to amend its Answer and Affirmative Defenses pursuant to the applicable Rules of Federal Procedure.

13. Defendant demands a trial by jury.

**AFFIRMATIVE DEFENSES**

1. The Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

2. The Complaint and each and every alleged cause of action therein are barred, in whole or in part, by the doctrine of waiver.

3. Plaintiff is barred from obtaining actual damages, as Plaintiff has suffered no damage a result of any action or inaction of Defendant.

4. This suit may not be properly maintained as a class action because (1) Plaintiff cannot establish the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; and (3) common issues of act or law do not predominate; to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper class representative; (6) the named Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; (7) Plaintiff cannot satisfy any of the requirements for class action treatment; (8) there is not a well-defined community of interest in the question of law or fact affecting Plaintiff and the members of the alleged putative class; and (9) the alleged putative class is not ascertainable, nor are its members identifiable.

5. Plaintiff's claims fail, because neither Plaintiff nor a least sophisticated consumer would be confused or mislead by the Lawsuit filed by Defendants against Plaintiff.

6. Pursuant to *Coburn v. Gonzalez*, 141 F. Supp. 3d 1339 (S.D. Fla. Nov. 2, 2015), Plaintiff's claims fail, as serving a Fair Debt and Collections Practices Act Notice along with a Summons and Complaint is not deceiving or misleading to a least sophisticated consumer.

7. Plaintiff failed to mitigate his damages, if any, in this case.

8. Plaintiff's claims are barred, because Defendant has at all times complied with the Fair Debt and Collections Practices Act.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 3rd day of January, 2019, I electronically filed the above and foregoing using the CM/ECF filing system which will give electronic notice to the following: **Alex D. Weisberg, Esquire** at aweisberg@afckaw.com

/s/ Charles J. Meltz
CHARLES J. MELTZ, ESQUIRE
Florida Bar No. 985491
KIRSTEN D. BLUM, ESQUIRE
Florida Bar No.: 085736
GROWER, KETCHAM, EIDE,
TELAN & MELTZ, P.A.
Post Office Box 538065
Orlando, FL 32853-8065
Telephone: (407) 423-9545
Facsimile: (407) 425-7104
cjmeltz@growerketcham.com
enotice@growerketcham.com
jclinton@growerketcham.com

*Counsel for Defendant, FLORIDA COMMUNITY LAW GROUP, P.L.*

09997/4926