**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO. 6:18-cv-02111-CEM-DCI

CLARK STEWART, *on behalf of himself*
*and all others similarly situated*,

     Plaintiff,

v.

FLORIDA COMMUNITY LAW GROUP,
P.L.,

     Defendant.

_____/

**Joint Motion for Conditional Class Certification and**
**Preliminary Approval of Class Action Settlement Agreement**

Plaintiff Clark Stewart ("Plaintiff") and Defendant Florida Community Law Group,

P.L. ("Defendant") hereby jointly move the Court to enter an order:

1.     Preliminarily certifying a class of individuals for settlement purposes ("the

Class") as set forth in the parties' proposed settlement agreement, attached as Exhibit A;

2.     Preliminarily approving the Agreement pursuant to Rule 23 of the Federal

Rules of Civil Procedure;

3.     Conditionally certifying Plaintiff as the named-representative of the Class;

4.     Conditionally certifying Plaintiff's attorneys as counsel for the Class;

5.     Approving the form of the proposed class notice ("Class Notice"), attached as

Exhibit B, and the parties' proposed method of distribution of the Class Notice to the Class,

as set forth in the Agreement;  and

1

6.     Setting a final fairness hearing to determine whether the proposed settlement is fair, adequate, and reasonable.

## I.     Relevant Background

Plaintiff has filed a complaint against Defendant under the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) ("FDCPA") on behalf of himself and a putative class of similarly-situated individuals. *See* Doc. 1. Plaintiff is a consumer. Defendant is a law firm engaged in consumer debt collection. In connection with the collection of an alleged debt, Defendant filed a lawsuit against Plaintiff. The lawsuit required Plaintiff to respond within twenty days after service. The lawsuit included a document entitled "Notice required by the Fair Debt Collection Practices Act ("The Act") 15 U.S.C. Section 1601, as amended" (the "Notice"), purporting to contain the notices required by 15 U.S.C. § 1692g(a). Plaintiff alleges that although it was Defendant's initial communication with Plaintiff with respect to the debt, the lawsuit does not explain the apparent contradiction between the requirement to respond within twenty days and the consumer's right to dispute the debt within thirty days. In the alternative, Plaintiff alleges that the Notice was improperly included with the lawsuit because it was a legal pleading and thus not the initial communication with Plaintiff with respect to the debt. The Notice states: "This law firm *may* be deemed a 'debt collector' under the Fair Debt Collection Practices Act. Any and all information obtained during the prosecution of this lawsuit *may* be used for all purposes of collecting a debt." Plaintiff alleges that upon reading the Notice, the least sophisticated consumer would be unsure whether Defendant was a debt collector under the FDCPA. The Notice further states that "[t]he amount of the debt is stated in paragraph 9 of the Complaint attached hereto." Plaintiff

2

contends that Paragraph 9 of Defendant's complaint identifies the amount of the Debt as "$3,290.97 *exclusive of interest, costs, and attorney's fees*," but that the lawsuit does not otherwise identify any amount of interest, costs, or attorney's fees. The Notice further states: "The debt described in the Complaint and evidenced by the document(s) attached to the Complaint will be assumed to be valid by the creditor's law firm unless the debtor, within thirty (30) days after the receipt of this notice, disputes *in writing* the validity of the debt or some portion thereof."

Plaintiff alleges that Defendant's practice of providing the notices required by the FDCPA in this manner violates the Act as follows: 1) Section 1692g(a) by not explaining the apparent contradiction between the requirement to respond to the lawsuit within twenty days and the consumer's right to dispute the debt within thirty days; 2) Section 1692g(b) by overshadowing or contradicting the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period; 3) Section 1692g(a)(1) by not meaningfully conveying the amount of the debt; and 4) Section 1692g(a)(3) by requiring a dispute to be in writing. In the alternative, Plaintiff alleges that the Notice was improperly included with the lawsuit, because it was a legal pleading and thus not the initial communication with Plaintiff with respect to the debt, in violation of Sections 1692e and e(10). Finally, Plaintiff alleges that Defendant further violated Sections 1692e, e(10), and e(11) by misleadingly stating that it *may* be a debt collector.

The FDCPA makes any person who fails to comply liable to an aggrieved consumer "in an amount equal to the sum of any actual damage sustained by such person as a result of such failure," "such additional damages as the court may allow, but not exceeding $1,000,"

3

and "in the case of a class action . . . such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." *See* 15 U.S.C. § 1692k(a).

Defendant denies Plaintiff's allegations and joins in the request for certification solely for settlement purposes. In the event that the settlement is not approved or as may otherwise be provided in the Agreement, Plaintiff and Defendant stipulate that the certification order will be set aside and neither this motion nor the settlement agreement will in any way prejudice Defendant's right to pursue any defenses or the right of any party to pursue or contest certification on any legal or equitable grounds.

The parties have engaged in discovery regarding numerosity and the net worth of Defendant. *See* ¶¶ 5-12 of Declaration of Russell S. Thompson IV, attached as Exhibit C. The parties have come to an agreement regarding a potential settlement between Plaintiff and the putative class of individuals, on the one hand, and Defendant, on the other, after engaging in an arms-length negotiation. *Id*. at ¶ 16. The parties have jointly prepared and attached to this motion the Agreement. *See* Exhibit A.  The parties have prepared and attached to this motion the Class Notice, *see* Exhibit B, which they propose to send to the Class via U.S. mail in the manner outlined by the Agreement.  *See* Exhibit A at ¶ 2.1.B.

The Agreement proposes to certify a class of 191 individuals who, in an attempt to collect a debt, Defendant served a lawsuit along with a notice based on the Template between December 7, 2017 and December 7, 2018.  *Id*. at ¶¶ 1.3, 1.7; Exhibit C at ¶ 18.  The Agreement provides that Defendant will establish a fund in the amount of $6,504.26 to distribute evenly to all members of the Class who do not exclude themselves from the

proposed settlement. Exhibit A at ¶¶ 2.3(A)-(B). The Agreement further provides that Defendant will pay Plaintiff $1,000.00 in statutory damages under the FDCPA—the amount he could have received by proceeding with his claims individually—and $500.00 in consideration of Plaintiff's service to the Class. *Id.* at ¶ 2.3(C). Finally, subject to approval of the Court, the Agreement provides that Defendant agrees to pay the reasonable attorney's fees and litigation expenses of Class Counsel in an amount to be determined by the Court, and $1,000 to Class Counsel for non-litigation expenses related to class administration. *Id.* at ¶ 2.3(D).

The Agreement is fair, adequate, and reasonable, given the limited potential recovery of the class as a whole and uncertainty of litigation. *See* Exhibit C at ¶ 19. The Agreement's fairness is further enhanced by the requirement to provide notice to the class members and an opportunity to object to the settlement or exclude themselves from it.

## II.     Memorandum of Legal Authority

Rule 23 requires that a class may only be certified if all four of the conditions of Rule 23(a) are met and at least one of the conditions of Rule 23(b) are met. Fed. R. Civ. P. 23. "A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." *Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1266 (11th Cir. 2009). Even where the parties file a joint motion for class certification, the Court still has "an independent obligation" to ensure that the class is certifiable. *Bummolo v. L. Offices of Charles W. McKinnon, P.L.*, 2:11-CV-14408-KMM, 2012 WL 3866485, at *1 (S.D. Fla. Sept. 5, 2012).

Under Rule 23, "[t]he claims, issues, or defenses of a certified class may be settled ... only with the court's approval." Fed.R.Civ.P. 23(e). "Approval under 23(e) involves a two-

step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D.Cal.2004) (citing Manual for Complex Litig., Third, § 30.41 (1995)). "Preliminary approval authorizes the parties to give notice to putative class members of the settlement agreement and lays the groundwork for a future fairness hearing, at which the court will hear objections to (1) the treatment of this litigation as a class action and/or (2) the terms of the settlement*." Kirchner v. Shred-It USA Inc.*, CIV. 2:14-1437 WBS, 2015 WL 1499115, at *1-2 (E.D. Cal. Mar. 31, 2015).   Only after the hearing "will [the Court] reach a final determination as to whether the parties should be allowed to settle the class action on their proposed terms…" *Id.*

## A.      Required Elements of a Class Action

Rule 23 governs the certification of class actions. Fed. R. Civ. P. 23. One or more members of a class may sue or be sued as representative parties on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative party are typical of the claims or defenses of the class, and (4) the representative party will fairly and adequately protect the interests of the class.  *Id.*

### 1.      Numerosity

Based upon Defendant's production during informal discovery, there are 191 individuals in the putative class. Exhibit C at ¶ 18. This is sufficient to establish that joinder of all class members is impracticable. "There is no magic number for proving numerosity,

6

but courts have stated as few as forty class members is sufficient to show joinder is impracticable." *Harris v. D. Scott Carruthers & Assoc.*, 270 F.R.D. 446, 450 (D. Neb. 2010). Some courts have found as little as twenty five members to be sufficient. *See e.g.*, *Talbott v. GC Servs. Ltd. P'ship*, 191 F.R.D. 99, 102 (W.D. Va. 2000).

### 2.    Commonality

Under the commonality requirement, there must be questions of law or fact common to all members of the class. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256; 1268 (11th Cir. 2009). The rule does not require that all of the questions of law and fact raised by the dispute be common. *Id.* A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2). *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). The requirement of commonality may be satisfied where the question of law linking the class members is substantially related to the resolution of the litigation, even though the individuals are not identically situated. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982).

Here, Defendant served a lawsuit along with a notice based on the Template on each member of the class in connection with the collection of a debt. Common questions that arise for all class members include, but are not limited to:

- Whether Defendant's service of a lawsuit and the Notice violates the FDCPA by not explaining the apparent contradiction between the requirement to respond to the lawsuit within twenty days and the consumer's right to dispute the debt within thirty days;

7

- Whether Defendant's service of a lawsuit and the Notice violates the FDCPA by overshadowing or contradicting the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period;

- Whether Defendant's service of a lawsuit and the Notice violates the FDCPA by not meaningfully conveying the amount of the debt;

- Whether Defendant's service of a lawsuit and the Notice violates the FDCPA by requiring a dispute to be in writing;

- Whether Defendant violates the FDCPA by stating that it *may* be a debt collector;

- If Defendant's conduct violates the FDCPA, the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional, 15 U.S.C. § 1692k(b); and

- Whether Defendant is liable for reasonable attorney's fees and costs, 15 U.S.C. § 1692k(a)(3).

### 3.   Typicality

A class representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or his claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998). Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008). Here, Plaintiff's claim is typical of that of the unnamed class members, because all of the class members' claims "are based on the same legal or remedial

theory." *Paxton v. Union Nat'l Bank*, 688 F.2d at 561-2 (citing C. Wright & A. Miller, *Federal Practice and Procedure* § 1764 at n.21.1 (Supp. 1982)).

### 4. Adequacy

Next, this Court must determine whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "In order to satisfy that requirement, the prospective class representative must demonstrate that 1) he has no conflict of interest with the prospective class, and 2) he will vigorously prosecute the case." *Mularkey v. Holsum Bakery, Inc.*, 120 F.R.D. 118, 121 (D. Ariz. 1988) (citing *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2nd Cir. 1968)).

Plaintiff will fairly and adequately represent the interests of the class. Plaintiff is a consumer who represents to the Court that he has no conflicts of interest with the rest of the class members.  Doc. 1 at ¶ 45.  Further, Plaintiff represents that he has been willing and prepared to serve this Court and the proposed class. *Id.* at ¶ 46. Through his attorneys of record, Plaintiff has been willing to pay the costs litigation insofar and is prepared to pay the costs of distributing notice to the class members. *See* Exhibit C at ¶ 20.  Further, Plaintiff's attorneys have experience in the handling of both consumer protection litigation and class actions.  Plaintiff has retained putative class counsel with experience litigating FDCPA and class action matters.  *See e.g., Akins v. v. Seidberg Law Offices, P.C.*, Case No. 2:18-cv-00954-DJH (D. Ariz. May 21, 2019) (granting joint motion for class certification and final approval of class settlement following appointment of Russell S. Thompson IV and Thompson Consumer Law Group as class counsel); *Ogletree v. Cafe Valley Inc.*, Case No. CV-16-03881-PHX-JJT (D. AZ. Nov. 6, 2017) (appointing Thompson Consumer Law Group

as class counsel in FCRA action); *Jordan v. Freedom Nat'l Ins. Servs. Inc.*, No. CV-16-00362-PHX-DLR, 2016 WL 5363752, at *4 (D. Ariz. Sept. 26, 2016) (appointing Thompson Consumer Law Group as class counsel in EFTA action); *see also Maloy v. Stucky, Lauer & Young, LLP*, No. 1:17-CV-336-TLS, 2018 WL 6444916, at *2 (N.D. Ind. Aug. 15, 2018) (appointing Russell Thompson IV as class counsel in FDCPA class action); *Dove v. Moody, Jones, Ingino & Morehead, PA*, No. 3:15-cv-00251 (M.D. Fla. April 18, 2016) (approving class settlement of EFTA action and certifying the undersigned as Class Counsel in EFTA action).  Plaintiff and his counsel are adequate.

### B.      Rule 23(b) Criteria

Once the elements of Rule 23(a) are established, a party seeking class certification must establish that *one* of the three criteria of Rule 23(b) is met.  *See* FRCP 23(b).  Rule 23(b)(3) is met if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FRCP 23(b)(3). The relevant factors for determining the superiority of the class method include: (A) the class members' interests in controlling the prosecution of separate, individual actions; (B) the extent and nature of any related litigation already begun by class members; (C) the desirability or undesirability of concentrating the litigation of the claims in this Court; and (D) the likely difficulties in managing a class action. *Id.*

Here, Defendant acknowledges, for settlement purposes only, that common questions of fact and law will predominate over any individualized issues pertaining to individual class members. Furthermore, the parties are unaware of any other actions having been filed under

the FDCPA against Defendant by the proposed class members.   Because Defendant possesses not only the names and addresses of the members of the class, but also financial information, the parties do not expect that managing a class settlement will pose any difficulties.

### C.      Fairness, Adequacy, and Reasonableness of the Settlement

Under the terms of the settlement, Defendant will establish a settlement fund of $6,054.26, which will be distributed evenly among the class members. *See* Exhibit A at ¶¶ 2.3(A)-(B).  Even assuming conservatively that none of the 191 members exclude themselves from the settlement, each class member is guaranteed to receive at least $31.69.   This recovery is higher than many similar consumer rights class action settlements. *See e.g.*, *Passafiume v. NRA Group, LLC*, 274 F.R.D. 424, 431 (E.D.N.Y. 2010) (approving preliminary settlement of FDCPA class action where "each responding class member would receive $2.87"); *Hicks v. Client Servs., Inc.*, 257 F.R.D. 699, 700-01, (S.D. Fla. 2009) (maximum class recovery of $1.24 per member); *Jancik v. Cavalry Portfolio Servs., LLC*, 2007 WL 1994026, at *11 (D. Minn. July 3, 2007) (certifying a class where potential recovery for class members was $6.94); *Nichols v. Northland Grps., Inc.*, Nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 WL 897867, at *11 (N.D.Ill. Mar. 31, 2006) (certifying a class with potential recovery of $13.40 per class member).

Plaintiff and the Class are unlikely to recover more through litigation, which supports approval of the settlement. The FDCPA limits Defendant's liability in a class action to statutory damages not exceeding the *lesser* of $500,000 or one percent of Defendant's net worth. 15 U.S.C. § 1693k(a)(2)(B).  Here, after production of financial business records,

Defendant's new worth was established and the class settlement fund is the same or more than the class could receive through contested litigation.  Exhibit C at ¶ 17.  This is therefore an excellent result for the Class.  Accordingly, continued litigation would serve no other purpose than to drive up attorneys' fees and costs.

Defendant's agreement not to oppose attorneys' fees and litigation expenses in the amount of $15,000.00 is fair and reasonable, as well as its agreement to pay $1,000 to Class Counsel for non-litigation expenses related to class administration. Plaintiff's counsel will be incurring the costs of distributing the several-page notice and settlement checks to the Class Members, as well as preparing the documentation of such for the Court's approval. Furthermore, Plaintiff's counsel's request for fees and costs will be still be limited by the Court's review to ensure that they were reasonably incurred.

The proposed $1,000.00 statutory damage award to Plaintiff is simply the amount Plaintiff could have been awarded had he chosen to pursue this action individually without the additional risk of incurring attorney's fees and costs of maintaining a class action. *See* 15 U.S.C. § 1693m(a)(2)(A). The $500 incentive award to Plaintiff is also appropriate. "Incentive awards [to class representatives] are justified when necessary to induce individuals to become named representatives." *UFCW Local 880–Retail Food Employers Joint Pension Fund v. Newmont Min. Corp.*, 352 Fed. Appx. 232, 235 (10th Cir. 2009) (quoting *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722–23 (7th Cir. 2001)). Even in FDCPA actions, courts have approved the payment of class representative service awards above and beyond the higher amount authorized by 15 U.S.C. § 1692k(a)(2)(B). *See Garland v. Cohen & Krassner*, No.08–cv–4626, 2011 WL 6010211, at *13 (E.D.N.Y. Nov. 29, 2011)

(approving class representative award of $3,000 in FDCPA class action); *Gross v. Wash. Mut. Bank, F.A.*, No.02–cv–4135, 2006 WL 318814, at *6 (E.D.N.Y. Feb. 8, 2006) (approving $5,000 award for the named plaintiff in settlement of FDCPA action). The amount that Plaintiff anticipates requesting from the Settlement Fund will be, nevertheless, subject to the Court's approval. While Plaintiff's counsel believes the Court will be persuaded to award the amount sought, the Settlement Agreement is not contingent upon the Court approving the award of *any* amount to Plaintiff.

The aforementioned settlement terms are fair, adequate, and reasonable, given that Class members will be given individual notice of this action and of the proposed settlement, and they will be given the opportunity to object to the settlement or exclude themselves from the settlement entirely and not be bound by the Court's judgment. The Class Notice will be sent by U.S. mail to each of the members of the Class, which is the best notice practicable. The proposed Class Notice, which is attached to this motion, provides fair, reasonable, and adequate notice to the Class of the proposed settlement and of their rights.  It therefore satisfies the elements of Fed. R. Civ. P. 23.

WHEREFORE, PREMISES CONSIDERED, the parties pray that the Court enter an order granting their motion for conditional class certification and preliminary approval of their proposed settlement agreement.

Dated: May 31, 2019

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (*pro hac vice*)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorney for Plaintiff Clark Stewart

*s/ Kirsten D. Blum*
KIRSTEN D. BLUM, ESQUIRE
Florida Bar No. 0085736
GROWER, KETCHAM, EIDE, TELAN &
MELTZ, P.A.
Post Office Box 538065
Orlando, FL 32853-8065
Telephone: (407) 423-9545
Facsimile: (407) 425-7104
kdblum@growerketcham.com
*Counsel for Defendant Florida Community Law
Group, P.L.*

## CERTIFICATE OF SERVICE

I certify that on May 31, 2019, I served the foregoing document on Defendant by filing a copy of the same with the Court using CM/ECF, which will send notification of such filing to the following counsel of record:

Charles J. Meltz
Kirsten D. Blum
Grower, Ketcham, Eide, Telan & Meltz, P.A
PO Box 538065
Orlando, FL 32853
cjmeltz@growerketcham.com
kdblum@growerketcham.com

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (*pro hac vice*)
