# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO. 6:18-cv-02111-CEM-DCI

CLARK STEWART, *on behalf of himself
and all others similarly situated*,

      Plaintiff,

v.

FLORIDA COMMUNITY LAW GROUP,
P.L.,

      Defendant.

_____/

### Class Action Settlement Agreement

      This Settlement Agreement ("Agreement") in the above-captioned case between: (a) Plaintiff Clark Stewart ("Plaintiff") individually, and on behalf of a Settlement Class of similarly situated persons; and (b) Florida Community Law Group, P.L. ("Defendant"), was reached after arms-length negotiations between counsel for all parties, and is entered into as of May _31_, 2019.

### Recitals

      A.    The Class Members are a class of individuals (as defined below) on whose behalf Plaintiff filed a class action complaint in the above-captioned case.

      B.    The Class Action Complaint and Trial by Jury Demand in the class action (the "Complaint") alleges that Defendant violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq*.) ("FDCPA"), and that such alleged violations render Defendant liable for statutory damages, costs, and reasonable attorneys' fees.  For settlement purposes only, Plaintiff does not contend that the conduct at issue caused or was likely to cause any actual damages.

-1-

C.     Defendant denies the material allegations in Plaintiff's Complaint, disputes both factually and legally that it is liable in any way to Plaintiff or the Class he seeks to represent, denies that its actions violated state or federal law in any manner, and asserts that even if Plaintiff were to prevail, Defendant's maximum class liability would be limited by 15 U.S.C. § 1692k(a)(2)(B) to no more than 1 per centum of the net worth of Defendant, and the conduct at issue is not so extreme or pervasive as to warrant imposition of the maximum statutory damages. Nevertheless, Defendant concludes that the further conduct of this litigation by it would be protracted and expensive, and that it is desirable that this litigation be fully, finally and forever settled in the manner set forth in this Agreement.  Defendant is therefore willing to enter into this Agreement to avoid the further expense and inconvenience of litigation and to buy peace and resolve and settle all claims which have been made or could be made against it by Plaintiff and the Class arising out of the alleged statutory violations.

D.     Class Counsel (defined below) has considerable experience in handling class actions and consumer protection cases.  Class Counsel has analyzed the facts and law relevant to this litigation and recognizes the substantial expense and delay associated with the continued prosecution of this litigation against Defendant through trial and possible appeals.  Further, Class Counsel is mindful of the limitations on any possible recovery to the Class and recognizes that protracted litigation is likely to serve the interests of no one except the attorneys in the case.

E.     Based on Class Counsel's extensive analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case the maximum potential award to the Class Members is limited, and pursuant to the advice of Class Counsel, Plaintiff has determined that a settlement on the terms set forth herein is fair, adequate, and reasonable, and thus in the best interest of the Class.

F.      Based on the extensive analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case the maximum potential award to the Class Members is limited, Defendant believes that this settlement with the Class on the terms set forth below is fair, adequate, and reasonable.

G.      The Parties are desirous of entering into, and obtaining approval of this Agreement, pursuant to Fed. R. Civ. P. 23, in order to fully and finally resolve all claims and disputes arising out of, or related to Plaintiff and the Class Members' claims of violations of the FDCPA by Defendant or any of its officers, directors, shareholders, members, employees, agents, or representatives.

### ARTICLE I

### DEFINITIONS

When used in this Settlement Agreement, the following terms shall mean:

1.1     "AGREEMENT" means this Settlement Agreement in the above-captioned case.

1.2     "BUSINESS DAY" means any day on which national banks are open for the conduct of general business.

1.3     "CLASS" means a class conditionally certified for purposes of settlement only, and in accordance with the terms of this Agreement only, which is described as: all individuals in the State of Florida to whom, during the Class Period and in an attempt to collect a debt, Defendant served a lawsuit and notice based on the Template.  Excluded from the Class are:

a.      any person who is already subject to an existing release;

b.      any person who is deceased;

c.      any person who has filed for bankruptcy protection under Title 11 of the United States Code; and

d.      any Class Member who timely mails a request for exclusion.

1.4      "CLASS COUNSEL" means Russell S. Thompson IV of Thompson Consumer Law Group, PLLC and Alexander D. Weisberg of Weisberg Consumer Law Group, PA.

1.5      "CLASS MEMBERS" means those persons who are a part of the Class and who do not fall within the above-stated exclusions.

1.6      "CLASS NOTICE" means the Court-approved notice, in a form substantially similar to that attached hereto as *Exhibit 3*.

1.7      "CLASS PERIOD" means the period from December 7, 2017 to December 7, 2018.

1.8      "CONDITIONAL CERTIFICATION MOTION" is defined in Section 2.1(A) of this Agreement.

1.9      "CONDITIONAL CERTIFICATION ORDER" is defined in Section 2.1(A) of this Agreement.

1.10     "CONSUMMATION DATE" means the date upon which all obligations and duties of the Parties have been effectuated and the Agreement has been closed.

1.11     "COURT" means the United States District Court for the Middle District of Florida, Orlando Division.

1.12     "DEFENDANT" means Florida Community Law Group, P.L., and includes all officers, directors, shareholders, members, agents, employees, and representatives.

1.13     "FINALITY DATE" means the date after which the Court has entered the Final Order and Judgment, and the time for perfecting an appeal of such Final Order and Judgment has expired with no appeal taken; final dismissal of any appeal taken; or affirmance of the Final Order which is not subject to further review by any court with appellate jurisdiction over the Litigation.

1.14     "FAIRNESS HEARING" means the hearing to be conducted by the Court pursuant to Fed. R. Civ. P. 23 to consider the fairness, adequacy, and reasonableness of the settlement reflected in this Agreement.

1.15     "FINAL ORDER AND JUDGMENT" means the final order and judgment to be entered by the Court approving this Agreement as fair, adequate, and reasonable under Fed. R. Civ. P. 23, confirming certification of the Class for settlement purposes only, enjoining future litigation by the Class Members, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, which shall be in substantially the same form as the attached *Exhibit 4*.

1.16     "LITIGATION" means the above-captioned case.

1.17     "PARTIES" means the Class Members (including Plaintiff), Class Counsel, and Defendant.

1.18     "PRELIMINARY APPROVAL DATE" means the date that the Court enters its order granting the Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement, in a form substantially similar to that attached hereto as *Exhibit 2*.

1.19     "RELEASED CLAIMS" means:

A.     For Plaintiff, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that he or his heirs, executors, administrators, successors, assigns, and attorneys may have against Defendant or any of Defendant's principals, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, members, managers, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurers and reinsurers, clients, and attorneys as of the date of this Agreement, it being Plaintiff's intent to release

all claims of any kind or nature, known or unknown, including but not limited to any claims arising pursuant to contract, tort, common law, statute, or regulation, that he may have against the parties herein released.

    B. For the Class, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that the Class or the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys could assert against Defendant or any of Defendant's principals, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, members, managers, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurers and reinsurers, clients, and attorneys as a result of the violations of the Fair Debt Collection Practices Act as specifically alleged in the Complaint.

1.20 "TEMPLATE" means the standardized notice used by Defendant to collect consumer debts containing language substantially similar to the notice served on Plaintiff and attached as Exhibit A to the original complaint filed in the above-captioned case.

**Article II**
**TERMS AND CONDITIONS OF THE SETTLEMENT**

    Plaintiff and Defendant agree to the following settlement, subject to the terms and conditions of this Agreement and the terms and conditions of the incorporated documents. The relief provided for under this Agreement is in full satisfaction of all of Defendant's liability for all Released Claims (as defined above) of Plaintiff and all of the Class Members.

    This Agreement and the settlement embodied herein shall not release any debts owed to Defendant's clients by Plaintiff or the Class, nor shall this settlement operate as an accord and satisfaction of such debts.  Furthermore, for the purposes of 15 U.S.C. § 1692c Class Counsel expressly affirms that they do not represent the members of the Class in connection with such

debts and that their representation is limited solely to their role as Class Counsel in this case and in connection with the claims that are the subject of this Settlement Agreement.

2.1     *Class Action Settlement Procedures*

A.     Plaintiff and Defendant shall file a Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement with the Court (the "Conditional Certification Motion") seeking entry of an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (the "Conditional Certification Order") which would (1) certify, for settlement purposes only, a class of Plaintiffs in the class action pursuant to Fed. R. Civ. P. 23; (2) preliminarily approve this Agreement, the proposed notice to the Class regarding the settlement terms and Fairness Hearing (the "Class Notice"); and (3) direct that the Class Notice be distributed to the Class in the manner described below.  The Conditional Certification Motion and the Conditional Certification Order shall be in a form agreed to by Plaintiff and Defendant and substantially similar to those attached hereto and incorporated herein by reference as *Exhibits 1* and *2*, respectively.  The Class Notice shall inform the Class of the nature of this litigation, the proposed settlement, and the right of Class Members to object or opt out, and shall be in a form agreed to by Plaintiff and Defendant and be substantially similar to that attached hereto and incorporated herein by reference as *Exhibit 3*.  The Class Notice shall be distributed by mailing a copy of the notice to each Class Member as described below.

B.     Plaintiff or his designee will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendant's records, with a notation on the envelopes requesting address correction.  If any notice is returned with a new address, the notice will be re-mailed to the new address.  As to any Class Member whose notice is returned without a forwarding address, Plaintiff or his designee shall run such Class Member through the National

Change of Address database to seek a good address and they shall re-send the Notice to any Class Member for whom it is able to obtain a new address as a result of such search. Plaintiff will use his best efforts to provide prompt re-sending of any returned notices. However, Plaintiff and Class Counsel shall not be responsible for the failure of the Postal Service to timely deliver or return a class notice. Plaintiff shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Fairness Hearing.

C. The Settlement shall be administered by the parties jointly as described herein. Any Class Member objecting or excluding himself or herself from the Class will be required to send written notice both to Class Counsel and Defendant's counsel. The cost of providing notice and distributing checks to the Class shall be borne by Plaintiff. Class Counsel will provide, prior to the Fairness Hearing, a sworn declaration attesting to service of the Class Notice upon the Class.

D. Defendant agrees to support the entry by the Court of the Conditional Certification Order. Such certification, and Defendant's agreement to support such certification, shall be expressly conditioned upon the Court's approval of the Final Order and Judgment. Furthermore, Plaintiff and Class Counsel will support the Settlement and will take no action inconsistent with such support. Advising Class Members to opt out of the Class shall be deemed to be inconsistent with support of the settlement.

E. Plaintiff and Defendant shall file a Joint Motion for Approval of the Final Order and Judgment (the "Final Settlement Motion") seeking the entry of the Final Order and Judgment, finally approving the Agreement following the Fairness Hearing before the Court. Among other things, the Final Order and Judgment shall include provisions which dismiss the

Litigation with prejudice, approve the proposed relief to the Class, and grant the individual and class releases described in this Agreement.

       F.       Defendant's agreement to support the Preliminary and Final Settlement Motions, for purposes of this Agreement only, shall be without prejudice to any *status quo ante* defenses, rights, or positions in the Class Action. In the event this Agreement is not approved by the Court, or if approval of this Agreement, including the entry of the Conditional Certification Order or the Final Order and Judgment, is reversed or modified on appeal, or any one of the conditions precedent set forth in Article IV of this Agreement is not met or any termination right under Section 5.2 of this Agreement is exercised, then the Conditional Certification Order and the Final Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate this Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved without further order of the Court, null and void and of no force and effect, and in such event all *status quo ante* rights of Defendant to, among other things, (i) oppose any subsequent efforts by the Plaintiff to certify this action as a class action, and (ii) assert all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiff and the Settling Class. The Conditional Certification Order and the Final Order and Judgment shall so provide.

       2.2    *The Class.* The Class is defined in Section 1.3 above.

       2.3    *Settlement Consideration.* Subject to the terms of this Agreement, Defendant agrees to provide the following relief to Plaintiff and the Class:

           A.    Defendant shall pay to the Class a total Settlement Fund of $6,054.26, which Plaintiff contends is equal to or greater than Defendant's maximum potential statutory liability to the Class.

-9-

B.       Distribution of the Settlement Fund shall be divided equally among all Class Members who do not submit timely requests for exclusion from the settlement and to whom Class Notice is presumed to have been successfully delivered under Section 2.1(B).  All distribution checks to the Class will expire after 180 days. Any remaining and/or unclaimed settlement funds shall be distributed as a cy pres award to Community Legal Services of Mid-Florida, a not for profit entity to whom neither Plaintiff, Defendant, nor their respective counsel have an interest, and Plaintiff shall notify the Court of the date and amount of the distribution.

C.       Defendant will also pay Plaintiff Clark Stewart the total amount of $1,500.00:  $1,000.00 in statutory damages under the FDCPA and $500.00 in consideration of Plaintiff's service to the Class.

D.       Defendant shall (subject to approval of the Court) pay the reasonable attorneys' fees and litigation expenses of Class Counsel in an amount to be determined by the Court.   Defendant agrees not to oppose up to $15,000.00, but shall have the ability to challenge the entire amount of attorneys' fees and litigation expenses should Plaintiff seek more than $15,000.00.  Defendant also agrees to pay $1,000 to Class Counsel for non-litigation expenses related to class administration.

2.4    *Opting Out of the Class.*

A.       The Conditional Certification Order that is submitted to the Court shall provide that Class Members who wish to exclude themselves (opt out) of the Class and the proposed

Settlement must mail a written request for exclusion to Class Counsel and Counsel for Defendant postmarked no later than a date that is at least two (2) weeks prior to the Fairness Hearing.

B.      In any such written request for exclusion, the Class Member must set forth his or his full name, address, telephone number, and Social Security number, together with a statement to the effect that that he or he wishes to be excluded from or opt out of the Class.

C.      Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

D.      If more than ten of the Class Members timely send written requests for exclusion (opt out of the Class Action Settlement), Defendant shall have the right, but not the obligation, to withdraw from the Settlement.  Such an election by Defendant shall be made in writing and sent to Class Counsel within ten (10) days after the deadline for submitting requests for exclusion specified above.

2.5      *Class Members' Release and Exclusive Remedy*.

A.      Upon entry of the Final Order and Judgment, each Class Member, including Plaintiff, on behalf of such Class Members and of any person claiming by or through each such Class Member as heir, administrator, devisee, predecessor, successor, representative of any kind, or assignee shall be deemed to release and forever discharge Defendant and all of Defendant's principals, members, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurers and reinsurers, clients, and attorneys (the "Released Persons"), from any and all of the Released Claims.

B.      The relief described herein is the exclusive method of recovery and exclusive remedy for all Class Members for any and all of the Released Claims, and shall be in lieu of any other remedy or right of action against the Released Persons for the Released Claims. Accordingly, the Released Persons shall not be subject to liability of any kind to any Class Member with respect to any of the Released Claims, other than as set forth in this Agreement.

C.      Each Class Member, upon the Court's entry of a Final Order and Judgment, shall be enjoined by that Order from instituting or maintaining any action for the Released Claims against the Released Persons.  The Court's Final Order and Judgment shall enjoin such actions for the Released Claims.  The Court shall retain jurisdiction over the administration of this Agreement and may use its equitable powers to enforce this Agreement.

2.6     *Class Counsel's Attorney's Fees and Expenses*. Class Counsel will seek from the Court an award of their reasonable attorney's fees and litigation-related expenses.  Should the Court approve a lesser amount of fees and litigation-related expenses, such approval shall not be a basis for any party to withdraw from the settlement.  Defendant will not oppose Class Counsel's request for attorneys' fees and litigation-related expenses (excluding class administration) not to exceed $15,000. Defendant agrees that $15,000 fairly and reasonably compensates Class Counsel for the time and expenses that he has incurred in this matter. However, Defendant shall have the ability to challenge the entire amount of fees and costs should Plaintiff seeks fees and costs over $15,000.00.  Class Counsel may also seek from the Court up to $1,000 in expenses related to class administration, to be paid by Defendant, provided that they represent amounts actually incurred for that purpose.

2.7     *Attorney's Fees of Individual Class Members*.  Any Class Member or other person may be represented by counsel of his or his choice, but all fees and expenses of such counsel, if

other than Class Counsel paid under Section 2.6 above, shall be paid by the Class Member or other person.

       2.8    *No Admission of Liability by Defendant.*  The parties and their attorneys stipulate that this Agreement does not constitute an admission by Defendant that any claim or fact alleged by any party in the Class Action is true or correct, and Defendant expressly denies any liability or wrongdoing whatsoever in connection with matters which are the subject of the Class Action.

       2.9    *Objection Period for Class Members.*

       A.    Class Members shall be afforded an opportunity to object to the Settlement. Subject to approval of the Court objectors shall be required to notify the Court, Class Counsel and counsel for Defendant, in writing, of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

       B.    Subject to Court approval, the Conditional Certification Order will require that such notice of objections shall include:

       (1)    a statement of each objection being made;

       (2)    a description of the facts underlying each objection;

       (3)    a description of the legal authorities underlying each objection;

       (4)    a statement of whether the objector intends to appear at the Fairness Hearing;

       (5)    a list of witnesses whom the objector may call by live testimony, oral deposition testimony, or affidavit during the Fairness Hearing; and

       (6)    a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

       C.    Subject to Court approval the Conditional Certification Order shall further provide that Class Members, and all other interested persons shall file such notice of objections with the Court and serve such notice of objections upon Class Counsel and counsel for

Defendant no later than the date which is at least three (3) weeks prior to the Fairness Hearing. Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections.

### ARTICLE III

### REPRESENTATIONS AND WARRANTIES

3.1     *Representations and Warranties of the Defendant*.   Defendant warrants that within 10 days of filing the Condition Certification Motion, Defendant will comply with 28 U.S.C. § 1715.

3.2     *Representations and Class Counsel's Warranties*.   Class Counsel represents and warrants that they believe the settlement set forth in this Agreement is in the best interest of the Class.

3.3     *Representations and Warranties of the Plaintiff*.   Plaintiff represents and warrants as follows:

A.     That on the date of execution of this Agreement he is the owner of the individual claims asserted in the Lawsuit, that he has not assigned, pledged (except to his attorneys), sold, or otherwise transferred such claims (or an interest in such claims), and that on the Finality Date, he will own such claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

B.     That this Agreement does not constitute an admission by Defendant that any claim or fact alleged by any party in the Class Action is true or

correct, and Defendant has always and consistently expressly denied any liability or wrongdoing whatsoever in connection with matters which are the subject of the Class Action.

## ARTICLE IV

## CONDITIONS TO CLOSING

**4.1** *Conditions.* The foregoing agreements of Plaintiff and Defendant are subject to the accuracy of the representations and warranties contained in this Agreement and to the performance by the parties hereto of their obligations under this Agreement in all material respects. Additionally, Defendant's obligation to provide the Class relief described herein and to proceed with closing shall be subject to the satisfaction of each of the following conditions to closing on or prior to the Consummation Date (unless such conditions are waived by Defendant):

A.    the Finality Date shall have occurred;

B.    the Court shall have approved and signed a Final Judgment in substantially the same form as the attached ***Exhibit 4*** that includes a release of all of the Released Claims;

C.    Defendant and Plaintiff shall have been furnished with such additional documents as may be reasonably required in order to implement the transactions contemplated by this Agreement; and

D.    the representations and warranties contained in Article III of this Agreement shall be true and correct as of the date of execution of this Agreement.

## ARTICLE V

## MISCELLANEOUS PROVISIONS

**5.1** *Appeals.* In the event that an appeal is taken by a Class Member or any other person from the Conditional Certification Order or the Final Order and Judgment, the parties to this Agreement agree to support the position on such appeal that the order or orders appealed

from should be affirmed in its or their entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, shall prejudice the rights of Plaintiff, Class Counsel, or Defendant to appeal from any order of the Court that is inconsistent with the orders contemplated by this Agreement.

  **5.2** *Termination.* This Agreement shall be terminable by Defendant upon ten (10) Business Days written notice in the event that any of the material terms, conditions, or representations of the Agreement are not adhered to by the Court or by the Plaintiff or Class Counsel.  If this Agreement is terminated, Plaintiff, Defendant, and each of the Class Members shall be deemed to be in the same position as existed prior to its execution, with the same *status quo ante* rights and interests as they may have had absent the entry by Defendant and Plaintiff into these settlement discussions, and this Agreement and all other understandings and agreements between the parties and their respective counsel relating to the settlement, shall be deemed to be null and void and of no force and effect.  In that event, the parties will jointly notify the Court of the need to decide the issue of class certification on a contested basis.

  **5.3** *Distribution of Settlement Funds.* Subject to Approval of the Court, the settlement funds will be distributed as follows:

    A. Within ten (10) days after the Finality Date, Defendant shall tender $8,554.26 plus any reasonable attorneys' fees and costs awarded to Plaintiff by the Court to Class Counsel to be deposited into a client trust account.

    B. Within thirty (30) days after the Finality Date, checks representing the distribution due to the Class will be mailed by Plaintiff.  Each such check

will bear a notation indicating that it expires 180 days after the date of the check.

C.    Any remaining and/or unclaimed settlement funds shall be distributed as a cy pres award to Community Legal Services of Mid-Florida, a not for profit entity to whom neither Plaintiff, Defendant, nor their respective counsel have an interest, and Plaintiff shall notify the Court of the date and amount of the distribution.

**5.4**    *No Admission.*  The Parties and their attorneys stipulate that this Agreement is a compromise of disputed claims, and that this Agreement is entered into without admitting any liability, which liability is expressly denied, and without agreement by any Party to any of the allegations made by another Party.  The Parties and their attorneys further stipulate that nothing contained in this Agreement, the supporting documents, or the negotiations leading up to this Agreement shall be construed as an admission of liability or wrongdoing of any kind, or -- in the event that this Agreement is terminated -- as a waiver of any claim or defense that Defendant or Plaintiff may have in the Litigation, including the amount of Defendant's net worth, nor of Plaintiff's right to seek class certification on a contested basis, nor of Defendant's right to oppose such certification.

**5.5**    *Entire Agreement.*  This Agreement, including all referenced Exhibits, is the entire agreement of the Parties.  All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

**5.6**    *Modification.*  No modification of this Agreement may be made, except by written agreement executed by Plaintiff, Class Counsel, and Defendant, and approved by the Court.

**5.7**     *Notices*.  All notices between and to Class Counsel and Defendant required under this Agreement shall be sent by first class U.S. mail, by hand delivery, or by facsimile, to the recipient designated in this Agreement.  The timeliness of all submissions and notices shall be measured by the date that is three (3) days after the date of the postmark (if sent by mail), or by the date of receipt (if hand delivered or sent by facsimile).  The persons designated to receive notice are as follows:

> Russell S. Thompson IV
> Thompson Consumer Law Group, PLLC
> 5235 E Southern Ave
> D106-618
> Mesa, AZ 85206
> Facsimile: (866) 317-2674
>
> CLASS COUNSEL

and:

> Kirsten D. Blum
> Grower, Ketcham, eide, Telan & Meltz, P.A.
> Post Office Box 538065
> Orlando, FL 32853-8065
> Facsimile: (407) 425-7104
>
> ATTORNEY FOR DEFENDANT

**5.8**     *Execution in Counterparts*.  This Agreement may be executed in any number of counterparts and each of which when so executed shall be deemed an original and all of which taken together shall constitute one and the same Agreement.

**5.9**     *Applicable Law*.  This Agreement and the rights and obligations of the Parties shall be governed by and shall be construed and enforced in accordance with the laws of the United States and the State of Florida without regard to any conflict of law provision in said laws of the State of Florida that might otherwise require the application of the laws of a jurisdiction

other than that of the State of Florida to the performance, validity, construction, or enforcement of this Agreement.

    **5.10** *Headings.* Article and Section headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

    **5.11** *Benefit of Agreement.* The Agreement shall be binding upon and inure to the benefit of the parties hereto, the Class Members, the Released Persons, and their respective successors, heirs, and assigns. Nothing in this Agreement is intended or shall be construed to give any other person or entity any legal or equitable right, remedy or claim under or in respect to this Agreement or any provision herein entered.

    **5.12** *Place of Performance.* This Agreement shall be performed in the Middle District of Florida, Tampa Division.

    **5.13** *Best Efforts.* All signatories to this Agreement and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

    **5.14** *Parties Are Equal Drafters.* The parties shall be deemed to have drafted this agreement equally, and the settlement documents shall not be construed strictly against Plaintiff or Defendant.

Dated: May 31, 2019.

_____
Clark Stewart,
individually and on behalf of all
others similarly situated

Florida Community Law Group, P.L.

By: _____

Jared Block          Owner
Printed Name         Title

-19-

Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E Southern Ave
D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

CLASS COUNSEL
ATTORNEY FOR PLAINTIFF

Kirsten D. Blum
Grower, Ketcham, eide, Telan & Meltz, P.A.
Post Office Box 538065
Orlando, FL 32853-8065
Telephone: (407) 423-9545
Facsimile: (407) 425-7104
kdblum@growerketcham.com

ATTORNEY FOR DEFENDANT

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO. 6:18-cv-02111-CEM-DCI

CLARK STEWART, *on behalf of himself*
*and all others similarly situated*,

      Plaintiff,

v.

FLORIDA COMMUNITY LAW GROUP,
P.L.,

      Defendant.

_____/

**<u>Joint Motion for Conditional Class Certification and</u>**
**<u>Preliminary Approval of Class Action Settlement Agreement</u>**

Plaintiff Clark Stewart ("Plaintiff") and Defendant Florida Community Law Group,

P.L. ("Defendant") hereby jointly move the Court to enter an order:

1.      Preliminarily certifying a class of individuals for settlement purposes ("the

Class") as set forth in the parties' proposed settlement agreement, attached as Exhibit A;

2.      Preliminarily approving the Agreement pursuant to Rule 23 of the Federal

Rules of Civil Procedure;

3.      Conditionally certifying Plaintiff as the named-representative of the Class;

4.      Conditionally certifying Plaintiff's attorneys as counsel for the Class;

5.      Approving the form of the proposed class notice ("Class Notice"), attached as

Exhibit B, and the parties' proposed method of distribution of the Class Notice to the Class,

as set forth in the Agreement;  and

1

6.    Setting a final fairness hearing to determine whether the proposed settlement is fair, adequate, and reasonable.

## I.    Relevant Background

Plaintiff has filed a complaint against Defendant under the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) ("FDCPA") on behalf of himself and a putative class of similarly-situated individuals. *See* Doc. 1. Plaintiff is a consumer. Defendant is a law firm engaged in consumer debt collection. In connection with the collection of an alleged debt, Defendant filed a lawsuit against Plaintiff. The lawsuit required Plaintiff to respond within twenty days after service. The lawsuit included a document entitled "Notice required by the Fair Debt Collection Practices Act ("The Act") 15 U.S.C. Section 1601, as amended" (the "Notice"), purporting to contain the notices required by 15 U.S.C. § 1692g(a). Plaintiff alleges that although it was Defendant's initial communication with Plaintiff with respect to the debt, the lawsuit does not explain the apparent contradiction between the requirement to respond within twenty days and the consumer's right to dispute the debt within thirty days. In the alternative, Plaintiff alleges that the Notice was improperly included with the lawsuit because it was a legal pleading and thus not the initial communication with Plaintiff with respect to the debt. The Notice states: "This law firm *may* be deemed a 'debt collector' under the Fair Debt Collection Practices Act. Any and all information obtained during the prosecution of this lawsuit *may* be used for all purposes of collecting a debt." Plaintiff alleges that upon reading the Notice, the least sophisticated consumer would be unsure whether Defendant was a debt collector under the FDCPA. The Notice further states that "[t]he amount of the debt is stated in paragraph 9 of the Complaint attached hereto." Plaintiff

contends that Paragraph 9 of Defendant's complaint identifies the amount of the Debt as "$3,290.97 *exclusive of interest, costs, and attorney's fees,*" but that the lawsuit does not otherwise identify any amount of interest, costs, or attorney's fees. The Notice further states: "The debt described in the Complaint and evidenced by the document(s) attached to the Complaint will be assumed to be valid by the creditor's law firm unless the debtor, within thirty (30) days after the receipt of this notice, disputes *in writing* the validity of the debt or some portion thereof."

Plaintiff alleges that Defendant's practice of providing the notices required by the FDCPA in this manner violates the Act as follows: 1) Section 1692g(a) by not explaining the apparent contradiction between the requirement to respond to the lawsuit within twenty days and the consumer's right to dispute the debt within thirty days; 2) Section 1692g(b) by overshadowing or contradicting the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period; 3) Section 1692g(a)(1) by not meaningfully conveying the amount of the debt; and 4) Section 1692g(a)(3) by requiring a dispute to be in writing. In the alternative, Plaintiff alleges that the Notice was improperly included with the lawsuit, because it was a legal pleading and thus not the initial communication with Plaintiff with respect to the debt, in violation of Sections 1692e and e(10). Finally, Plaintiff alleges that Defendant further violated Sections 1692e, e(10), and e(11) by misleadingly stating that it *may* be a debt collector.

The FDCPA makes any person who fails to comply liable to an aggrieved consumer "in an amount equal to the sum of any actual damage sustained by such person as a result of such failure," "such additional damages as the court may allow, but not exceeding $1,000,"

3

and "in the case of a class action . . . such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." *See* 15 U.S.C. § 1692k(a).

Defendant denies Plaintiff's allegations and joins in the request for certification solely for settlement purposes. In the event that the settlement is not approved or as may otherwise be provided in the Agreement, Plaintiff and Defendant stipulate that the certification order will be set aside and neither this motion nor the settlement agreement will in any way prejudice Defendant's right to pursue any defenses or the right of any party to pursue or contest certification on any legal or equitable grounds.

The parties have engaged in discovery regarding numerosity and the net worth of Defendant. *See* ¶¶ 5-12 of Declaration of Russell S. Thompson IV, attached as Exhibit C. The parties have come to an agreement regarding a potential settlement between Plaintiff and the putative class of individuals, on the one hand, and Defendant, on the other, after engaging in an arms-length negotiation. *Id*. at ¶ 16. The parties have jointly prepared and attached to this motion the Agreement. *See* Exhibit A.  The parties have prepared and attached to this motion the Class Notice, *see* Exhibit B, which they propose to send to the Class via U.S. mail in the manner outlined by the Agreement.  *See* Exhibit A at ¶ 2.1.B.

The Agreement proposes to certify a class of 191 individuals who, in an attempt to collect a debt, Defendant served a lawsuit along with a notice based on the Template between December 7, 2017 and December 7, 2018.  *Id*. at ¶¶ 1.3, 1.7; Exhibit C at ¶ 18.  The Agreement provides that Defendant will establish a fund in the amount of $6,504.26 to distribute evenly to all members of the Class who do not exclude themselves from the

proposed settlement. Exhibit A at ¶¶ 2.3(A)-(B). The Agreement further provides that Defendant will pay Plaintiff $1,000.00 in statutory damages under the FDCPA—the amount he could have received by proceeding with his claims individually—and $500.00 in consideration of Plaintiff's service to the Class. *Id.* at ¶ 2.3(C). Finally, subject to approval of the Court, the Agreement provides that Defendant agrees to pay the reasonable attorney's fees and litigation expenses of Class Counsel in an amount to be determined by the Court, and $1,000 to Class Counsel for non-litigation expenses related to class administration. *Id.* at ¶ 2.3(D).

The Agreement is fair, adequate, and reasonable, given the limited potential recovery of the class as a whole and uncertainty of litigation. *See* Exhibit C at ¶ 19. The Agreement's fairness is further enhanced by the requirement to provide notice to the class members and an opportunity to object to the settlement or exclude themselves from it.

## II.     Memorandum of Legal Authority

Rule 23 requires that a class may only be certified if all four of the conditions of Rule 23(a) are met and at least one of the conditions of Rule 23(b) are met. Fed. R. Civ. P. 23. "A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." *Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1266 (11th Cir. 2009). Even where the parties file a joint motion for class certification, the Court still has "an independent obligation" to ensure that the class is certifiable. *Bummolo v. L. Offices of Charles W. McKinnon, P.L.*, 2:11-CV-14408-KMM, 2012 WL 3866485, at *1 (S.D. Fla. Sept. 5, 2012).

Under Rule 23, "[t]he claims, issues, or defenses of a certified class may be settled ... only with the court's approval." Fed.R.Civ.P. 23(e). "Approval under 23(e) involves a two-

step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D.Cal.2004) (citing Manual for Complex Litig., Third, § 30.41 (1995)). "Preliminary approval authorizes the parties to give notice to putative class members of the settlement agreement and lays the groundwork for a future fairness hearing, at which the court will hear objections to (1) the treatment of this litigation as a class action and/or (2) the terms of the settlement*." Kirchner v. Shred-It USA Inc.*, CIV. 2:14-1437 WBS, 2015 WL 1499115, at *1-2 (E.D. Cal. Mar. 31, 2015).   Only after the hearing "will [the Court] reach a final determination as to whether the parties should be allowed to settle the class action on their proposed terms…" *Id.*

### A.      Required Elements of a Class Action

Rule 23 governs the certification of class actions. Fed. R. Civ. P. 23. One or more members of a class may sue or be sued as representative parties on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative party are typical of the claims or defenses of the class, and (4) the representative party will fairly and adequately protect the interests of the class.  *Id.*

### 1.      Numerosity

Based upon Defendant's production during informal discovery, there are 191 individuals in the putative class. Exhibit C at ¶ 18. This is sufficient to establish that joinder of all class members is impracticable. "There is no magic number for proving numerosity,

but courts have stated as few as forty class members is sufficient to show joinder is impracticable." *Harris v. D. Scott Carruthers & Assoc.*, 270 F.R.D. 446, 450 (D. Neb. 2010). Some courts have found as little as twenty five members to be sufficient. *See e.g.*, *Talbott v. GC Servs. Ltd. P'ship*, 191 F.R.D. 99, 102 (W.D. Va. 2000).

### 2.  Commonality

Under the commonality requirement, there must be questions of law or fact common to all members of the class. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256; 1268 (11th Cir. 2009).  The rule does not require that all of the questions of law and fact raised by the dispute be common.  *Id.*  A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2).  *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). The requirement of commonality may be satisfied where the question of law linking the class members is substantially related to the resolution of the litigation, even though the individuals are not identically situated. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982).

Here, Defendant served a lawsuit along with a notice based on the Template on each member of the class in connection with the collection of a debt. Common questions that arise for all class members include, but are not limited to:

- Whether Defendant's service of a lawsuit and the Notice violates the FDCPA by not explaining the apparent contradiction between the requirement to respond to the lawsuit within twenty days and the consumer's right to dispute the debt within thirty days;

- Whether Defendant's service of a lawsuit and the Notice violates the FDCPA by overshadowing or contradicting the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period;

- Whether Defendant's service of a lawsuit and the Notice violates the FDCPA by not meaningfully conveying the amount of the debt;

- Whether Defendant's service of a lawsuit and the Notice violates the FDCPA by requiring a dispute to be in writing;

- Whether Defendant violates the FDCPA by stating that it *may* be a debt collector;

- If Defendant's conduct violates the FDCPA, the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional, 15 U.S.C. § 1692k(b); and

- Whether Defendant is liable for reasonable attorney's fees and costs, 15 U.S.C. § 1692k(a)(3).

### 3.    Typicality

A class representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or his claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998). Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008). Here, Plaintiff's claim is typical of that of the unnamed class members, because all of the class members' claims "are based on the same legal or remedial

theory." *Paxton v. Union Nat'l Bank*, 688 F.2d at 561-2 (citing C. Wright & A. Miller, *Federal Practice and Procedure* § 1764 at n.21.1 (Supp. 1982)).

### 4.      Adequacy

Next, this Court must determine whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "In order to satisfy that requirement, the prospective class representative must demonstrate that 1) he has no conflict of interest with the prospective class, and 2) he will vigorously prosecute the case." *Mularkey v. Holsum Bakery, Inc.*, 120 F.R.D. 118, 121 (D. Ariz. 1988) (citing *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2nd Cir. 1968)).

Plaintiff will fairly and adequately represent the interests of the class. Plaintiff is a consumer who represents to the Court that he has no conflicts of interest with the rest of the class members.  Doc. 1 at ¶ 45.  Further, Plaintiff represents that he has been willing and prepared to serve this Court and the proposed class. *Id.* at ¶ 46. Through his attorneys of record, Plaintiff has been willing to pay the costs litigation insofar and is prepared to pay the costs of distributing notice to the class members. *See* Exhibit C at ¶ 20.  Further, Plaintiff's attorneys have experience in the handling of both consumer protection litigation and class actions.  Plaintiff has retained putative class counsel with experience litigating FDCPA and class action matters.  *See e.g., Akins v. v. Seidberg Law Offices, P.C.*, Case No. 2:18-cv-00954-DJH (D. Ariz. May 21, 2019) (granting joint motion for class certification and final approval of class settlement following appointment of Russell S. Thompson IV and Thompson Consumer Law Group as class counsel); *Ogletree v. Cafe Valley Inc.*, Case No. CV-16-03881-PHX-JJT (D. AZ. Nov. 6, 2017) (appointing Thompson Consumer Law Group

as class counsel in FCRA action); *Jordan v. Freedom Nat'l Ins. Servs. Inc.*, No. CV-16-00362-PHX-DLR, 2016 WL 5363752, at *4 (D. Ariz. Sept. 26, 2016) (appointing Thompson Consumer Law Group as class counsel in EFTA action); *see also Maloy v. Stucky, Lauer & Young, LLP*, No. 1:17-CV-336-TLS, 2018 WL 6444916, at *2 (N.D. Ind. Aug. 15, 2018) (appointing Russell Thompson IV as class counsel in FDCPA class action); *Dove v. Moody, Jones, Ingino & Morehead, PA*, No. 3:15-cv-00251 (M.D. Fla. April 18, 2016) (approving class settlement of EFTA action and certifying the undersigned as Class Counsel in EFTA action). Plaintiff and his counsel are adequate.

### B.     Rule 23(b) Criteria

Once the elements of Rule 23(a) are established, a party seeking class certification must establish that *one* of the three criteria of Rule 23(b) is met. *See* FRCP 23(b). Rule 23(b)(3) is met if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FRCP 23(b)(3). The relevant factors for determining the superiority of the class method include: (A) the class members' interests in controlling the prosecution of separate, individual actions; (B) the extent and nature of any related litigation already begun by class members; (C) the desirability or undesirability of concentrating the litigation of the claims in this Court; and (D) the likely difficulties in managing a class action. *Id.*

Here, Defendant acknowledges, for settlement purposes only, that common questions of fact and law will predominate over any individualized issues pertaining to individual class members. Furthermore, the parties are unaware of any other actions having been filed under

the FDCPA against Defendant by the proposed class members.  Because Defendant possesses not only the names and addresses of the members of the class, but also financial information, the parties do not expect that managing a class settlement will pose any difficulties.

### C.    Fairness, Adequacy, and Reasonableness of the Settlement

Under the terms of the settlement, Defendant will establish a settlement fund of $6,054.26, which will be distributed evenly among the class members. *See* Exhibit A at ¶¶ 2.3(A)-(B).  Even assuming conservatively that none of the 191 members exclude themselves from the settlement, each class member is guaranteed to receive at least $31.69.   This recovery is higher than many similar consumer rights class action settlements. *See e.g.*, *Passafiume v. NRA Group, LLC*, 274 F.R.D. 424, 431 (E.D.N.Y. 2010) (approving preliminary settlement of FDCPA class action where "each responding class member would receive $2.87"); *Hicks v. Client Servs., Inc.*, 257 F.R.D. 699, 700-01, (S.D. Fla. 2009) (maximum class recovery of $1.24 per member); *Jancik v. Cavalry Portfolio Servs., LLC*, 2007 WL 1994026, at *11 (D. Minn. July 3, 2007) (certifying a class where potential recovery for class members was $6.94); *Nichols v. Northland Grps., Inc.*, Nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 WL 897867, at *11 (N.D.Ill. Mar. 31, 2006) (certifying a class with potential recovery of $13.40 per class member).

Plaintiff and the Class are unlikely to recover more through litigation, which supports approval of the settlement. The FDCPA limits Defendant's liability in a class action to statutory damages not exceeding the *lesser* of $500,000 or one percent of Defendant's net worth. 15 U.S.C. § 1693k(a)(2)(B).  Here, after production of financial business records,

Defendant's new worth was established and the class settlement fund is the same or more than the class could receive through contested litigation.  Exhibit C at ¶ 17.  This is therefore an excellent result for the Class.  Accordingly, continued litigation would serve no other purpose than to drive up attorneys' fees and costs.

Defendant's agreement not to oppose attorneys' fees and litigation expenses in the amount of $15,000.00 is fair and reasonable, as well as its agreement to pay $1,000 to Class Counsel for non-litigation expenses related to class administration. Plaintiff's counsel will be incurring the costs of distributing the several-page notice and settlement checks to the Class Members, as well as preparing the documentation of such for the Court's approval. Furthermore, Plaintiff's counsel's request for fees and costs will be still be limited by the Court's review to ensure that they were reasonably incurred.

The proposed $1,000.00 statutory damage award to Plaintiff is simply the amount Plaintiff could have been awarded had he chosen to pursue this action individually without the additional risk of incurring attorney's fees and costs of maintaining a class action. *See* 15 U.S.C. § 1693m(a)(2)(A). The $500 incentive award to Plaintiff is also appropriate. "Incentive awards [to class representatives] are justified when necessary to induce individuals to become named representatives." *UFCW Local 880–Retail Food Employers Joint Pension Fund v. Newmont Min. Corp.*, 352 Fed. Appx. 232, 235 (10th Cir. 2009) (quoting *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722–23 (7th Cir. 2001)). Even in FDCPA actions, courts have approved the payment of class representative service awards above and beyond the higher amount authorized by 15 U.S.C. § 1692k(a)(2)(B). *See Garland v. Cohen & Krassner*, No.08–cv–4626, 2011 WL 6010211, at *13 (E.D.N.Y. Nov. 29, 2011)

(approving class representative award of $3,000 in FDCPA class action); *Gross v. Wash. Mut. Bank, F.A.*, No.02–cv–4135, 2006 WL 318814, at *6 (E.D.N.Y. Feb. 8, 2006) (approving $5,000 award for the named plaintiff in settlement of FDCPA action). The amount that Plaintiff anticipates requesting from the Settlement Fund will be, nevertheless, subject to the Court's approval. While Plaintiff's counsel believes the Court will be persuaded to award the amount sought, the Settlement Agreement is not contingent upon the Court approving the award of *any* amount to Plaintiff.

The aforementioned settlement terms are fair, adequate, and reasonable, given that Class members will be given individual notice of this action and of the proposed settlement, and they will be given the opportunity to object to the settlement or exclude themselves from the settlement entirely and not be bound by the Court's judgment. The Class Notice will be sent by U.S. mail to each of the members of the Class, which is the best notice practicable. The proposed Class Notice, which is attached to this motion, provides fair, reasonable, and adequate notice to the Class of the proposed settlement and of their rights.  It therefore satisfies the elements of Fed. R. Civ. P. 23.

WHEREFORE, PREMISES CONSIDERED, the parties pray that the Court enter an order granting their motion for conditional class certification and preliminary approval of their proposed settlement agreement.

Dated: May 31, 2019

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (*pro hac vice*)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorney for Plaintiff Clark Stewart

*s/ Kirsten D. Blum*
KIRSTEN D. BLUM, ESQUIRE
Florida Bar No. 0085736
GROWER, KETCHAM, EIDE, TELAN &
MELTZ, P.A.
Post Office Box 538065
Orlando, FL 32853-8065
Telephone: (407) 423-9545
Facsimile: (407) 425-7104
kdblum@growerketcham.com
*Counsel for Defendant Florida Community Law
Group, P.L.*

## **CERTIFICATE OF SERVICE**

I certify that on May 31, 2019, I served the foregoing document on Defendant by filing a copy of the same with the Court using CM/ECF, which will send notification of such filing to the following counsel of record:

Charles J. Meltz
Kirsten D. Blum
Grower, Ketcham, Eide, Telan & Meltz, P.A
PO Box 538065
Orlando, FL 32853
cjmeltz@growerketcham.com
kdblum@growerketcham.com

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (*pro hac vice*)

# EXHIBIT "2"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO. 6:18-cv-02111-CEM-DCI

CLARK STEWART, *on behalf of himself*
*and all others similarly situated*,

     Plaintiff,

v.

FLORIDA COMMUNITY LAW GROUP,
P.L.,

     Defendant.

_____/

**[Proposed] Order Conditionally Certifying and**
**Granting Preliminary Approval of Settlement Agreement**

Pursuant to the Joint Motion for Class Certification and Preliminary Approval of Class Action Settlement Agreement filed on May 31, 2019, the parties in this class action have reached a proposed settlement and seek preliminary approval of the proposed Class Action Settlement Agreement and the Notice of Class Action Settlement. Having considered the Motion and supporting papers, the agreement and the exhibits attached thereto, the Court issues the following Order:

     I.     This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") and all terms defined therein shall have the same meaning in this Order as set forth therein. The Agreement is attached to Docket Entry __ as Exhibit A, and is incorporated herein by reference.

     2.     The Court hereby preliminarily approves the Agreement and the settlement embodied therein. The Court preliminarily finds that this case meets the requirements for

class certification under Fed. R. Civ. P. 23.  The Court further preliminarily finds that the Agreement appears to provide for a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation, particularly in light of the fact that Defendant has agreed to pay to the Class the maximum statutory liability under the statute which forms the basis of this action.  It further appears that as a result of speedy, voluntary discovery, counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action. Additionally, it appears that the proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations.

3.　　　A hearing ("Fairness Hearing") shall be held before this Court on the _____ day of _____, 2019 at _____ a.m./p.m. in Courtroom 5B of the United States District Court for the Middle District of Florida, located at the George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801, to determine all necessary matters concerning the settlement, including: Whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the Court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the Court should finally approve a statutory damages and enhancement payment for the named-plaintiff; and the amount of attorneys' fees and costs to be awarded Class Counsel.

4.    The Court hereby approves, as to form and content, the proposed "Notice to Class Members" ("Class Notice") attached as Exhibit B to Docket Entry __. The Court finds that the distribution of the Class Notice substantially in the manner and form set forth in the Agreement meets the requirements of due process under the Constitution and Fed. R. Civ. P. 23(e); and that such Class Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the Class, the right to object or opt out, and the proposed settlement and its terms.

5.    For purposes of effectuating this settlement, the Court preliminarily certifies a Settlement Class consisting of all individuals in the State of Florida to whom, during the Class Period and in an attempt to collect a debt, Defendant served a notice based on the Template.  Excluded from the Class are:

a.    any person who is already subject to an existing release;

b.    any person who is deceased as of this date;

c.    any person who has been discharged in bankruptcy under Title 11 of the United States Code as of the date of this order; and

d.    any Class Member who timely mails a request for exclusion.

The Class Period runs from December 7, 2017 to December 7, 2018.

6.    For purposes of effectuating this settlement, the Court hereby appoints Plaintiff Clark Stewart as the class representative for the Settlement Class, and the following attorneys are appointed as Class Counsel:

Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E Southern Ave. D106-618
Mesa, AZ 85215
602-388-8898
rthompson@thompsonconsumerlaw.com

and

Alex D. Weisberg
Weisberg Consumer Law Group, PA
5722 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

7.      The Class Notice shall be distributed to the Class as follows: On or before the

[30 days after date of this order], 2019, Plaintiff or its designee will print, copy, and mail the

Class Notice to the Class Members at the most current address reflected in Defendant's

records, with a notation on the envelopes requesting address correction. If any notice is

returned with a new address, the notice will be re-mailed to the new address.  As to any Class

Member whose notice is returned without a forwarding address, Plaintiff or his designee shall

run such Class Member through the National Change of Address database to seek a good

address and they shall re-send the Notice to any Class Member for whom he is able to obtain

a new address as a result of such search.  Plaintiff shall use his best efforts to provide prompt

re-sending of any returned notices.   However, Plaintiff and Class Counsel shall not be

responsible the failure of the Postal Service to timely deliver or return a class notice.

Plaintiff shall have no obligation to re-send a notice that is not returned by the Postal Service

until after the date that is seven days prior to the Fairness Hearing.

8.     Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by [three weeks prior to the Fairness Hearing], 2019.  Class Members who wish to exclude themselves from (opt out of) the Class must mail a written request for exclusion to Class Counsel and Counsel for Defendant postmarked no later than [two weeks prior to the Fairness Hearing], 2019.  In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, and Social Security number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the Class.

9.     Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

10.     No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representative's award unless not later than [three weeks prior to the Fairness Hearing], 2019, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Counsel for Defendant a written notice of intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

11.     Any such notice of objections shall include:

(1) a statement of each objection being made;

(2) a detailed description of the facts underlying each objection;

(3) a detailed description of the legal authorities underlying each objection;

(4)  a statement of whether the objector intends to appear at the Fairness Hearing;

(5) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and

(6) a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

12.     Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections.

13.     Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute, or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, members, or employees arising out of or related to the same or similar circumstances, transactions, or occurrences as are alleged in this case, such as Defendant's use of the form notice that is at issue in this case.

14.     This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any

purposes other than Settlement. If the Settlement Agreement is terminated pursuant to its

terms, or if the Settlement is not approved or consummated for any reason whatsoever, the

Settlement and all proceedings had in connection therewith shall be without prejudice to the

*status quo ante* rights of the parties to this action.

      IT IS SO ORDERED.

      Dated: _____, 2019.


                                           _____
                                           HON. CARLOS E. MENDOZA
                                           UNITED STATES DISTRICT JUDGE

# EXHIBIT "3"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:18-cv-02111-CEM-DCI

CLARK STEWART, *on behalf of himself
and all others similarly situated*,

      Plaintiff,

v.

FLORIDA COMMUNITY LAW GROUP,
P.L.,

      Defendant.

_____/

**NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT**

**PLEASE READ THIS NOTICE CAREFULLY. IT EXPLAINS YOUR RIGHTS AND
OPTIONS TO PARTICIPATE IN A CLASS SETTLEMENT.**

**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**Why did you get this notice?**

This is a notice of a proposed settlement in a class action lawsuit (the "Lawsuit"). The settlement would resolve the Lawsuit, which has been brought on behalf of all individuals in the State of Florida with whom, during the Class Period (defined below) and in an attempt to collect a debt, Defendant served a lawsuit and notice based on the Template (defined below). Please read this notice carefully. It explains the Lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

**What is this lawsuit about?**

This Lawsuit was filed against Defendant asserting that it allegedly violated provisions of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) ("FDCPA"). Plaintiff asserts that such violations render Defendant liable for statutory damages under the FDCPA. He does not assert that the alleged violations caused or were likely to have caused any actual damages to any person. Defendant denies Plaintiff's allegations.

**Why is this a class action?**

In a class action, one or more people, called "Class Representatives" (here, Clark Stewart), sue on behalf of people who have similar claims. All of these people together

are a "Class" or "Class Members."  The Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**Why is there a settlement?**

Plaintiff and Defendant have agreed to settle the Lawsuit to avoid the time, risk, and expense of litigation, and to achieve a final resolution of the disputed claims. Under the proposed settlement, Class Members will obtain a payment in settlement of the claims raised in the Lawsuit. The Class Representative and her attorneys, who are experienced consumer and class action attorneys, think the settlement is best for all Class Members.

**How do you know if your claims are included in the settlement?**

You received this notice because Defendant's records identified you as a Class Member. That means you appear to fit the description of the Class, which the Court has certified for settlement purposes. The Class consists of all individuals in the State of Florida to whom, during the Class Period and in an attempt to collect a debt, Defendant served a lawsuit and notice based on the Template. However, excluded from the Class are:

a.   any person who is already subject to an existing release;
b.   any person deceased as of the date of the preliminary approval order;
c.   any person who has been discharged in bankruptcy under Title 11 of the U.S. Code as of the date of the preliminary approval order; and
d.   any Class Member who timely mails a request for exclusion.

The Class Period runs from December 7, 2017 to December 7, 2018.

**What does the settlement provide?**

The FDCPA limits Defendant's class liability to 1% of its net worth. Defendant has agreed to establish a Settlement Fund in the amount of $6,054.26, which the Class Representative and his attorneys believe is in excess of Defendant's maximum liability. That fund will be distributed equally among all Class Members who do not exclude themselves from the settlement.

Plaintiff, as Class Representative, will be paid $1,500.00 for his service in prosecuting the Lawsuit on behalf of the Class. Defendant also agreed to pay the reasonable fees and expenses of Plaintiff's attorneys, including claims administration costs.

**How much will you be paid?**

It depends upon the number of requests for exclusion from the Class that are received. Each person who does not timely request to be excluded will receive a check for an amount equal to the Settlement Fund divided by the number of Class Members. The parties expect the amount to be no less than $31.69.

**How can you get a payment?**

You do not need to do anything to receive a payment in this settlement. If the Court approves the settlement, you will receive a settlement payment in the form of a check, mailed to you at the address at which you received this notice.

**When will you be paid?**

If the Court approves the settlement, checks to the Class will be mailed no later than thirty (30) days after the judgment in the lawsuit has become final. If there is an appeal of the settlement, payment may be delayed.

**What rights are you giving up in this settlement?**

Unless you exclude yourself, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against Defendant over the released claims. For more information on the release, released parties, and released claims, you may obtain a copy of the Class Action Settlement Agreement from the U.S. District Clerk for the Middle District of Florida, Orlando Division.

**Entering an appearance.**

Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by [three weeks before Fairness Hearing], 2019.  To do so you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by certified mail, upon Class Counsel and Defendant's counsel at the addresses set forth below.

**Excluding yourself from the settlement.**

You may exclude yourself from (opt out of) the settlement, in which case you will receive no portion of the Settlement Fund. To do so, you must mail a written request for exclusion to Class Counsel and Counsel for Defendant at the addresses below, postmarked no later than [two weeks before Fairness Hearing], 2019. You must set forth your full name, address, telephone number, and Social Security number, together with a statement to the effect that that you wish to be excluded from or opt out of the Class.

| | |
|---|---|
| Russell S. Thompson IV | Kirsten D. Blum |
| Thompson Consumer Law Group, PLLC | Grower, Ketcham, Eide, Telan & Meltz, P.A. |
| 5235 E Southern Ave, D106-618 | Post Office Box 538065 |
| Mesa, AZ 85215 | Orlando, FL 32853-8065 |
| CLASS COUNSEL | ATTORNEY FOR DEFENDANT |

The request should be signed by you.  If any person signs on your behalf that person must attach a copy of the power of attorney authorizing that signature.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a final Fairness Hearing on _____, 2019, at _____ _.m. in Courtroom 5B of the United States District Court for the Middle District of Florida, located at the George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801. At the Final Fairness Hearing the Court will consider whether the proposed settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any.

**Do you have to attend the hearing?**

No, you are not required to attend the hearing but you are welcome to attend at your own expense, and you may ask the Court's permission to speak. You cannot speak at the hearing if you have excluded yourself from the settlement.

**What if you want to object to the settlement?**

If you have not excluded yourself, you can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must either file a formal objection or else send a letter to the Court.  Any such objection or letter **must** state:

(1) your full name, address, telephone number and the last four digits of your Social Security number; (2) a statement of each objection being made, with a description of the facts and legal authorities underlying each objection; (3) whether you intend to appear at the final Fairness Hearing; (4) the names, addresses, and phone numbers of all witnesses whom you or your attorney intends to call at the Fairness Hearing; and (5) a list of exhibits which you my use.  Your formal objection or letter must be accompanied by any evidence you wish to introduce to support your objection. Your formal objection or letter must be mailed to all of the locations listed below, postmarked by [three weeks before Fairness Hearing], 2019.

| Court | Class Counsel | Defense Counsel |
| --- | --- | --- |
| Clerk of the Court Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202 | Russell S. Thompson IV Thompson Consumer Law Group, PLLC 5235 E Southern Ave, D106-618 Mesa, AZ 85215 | Kirsten D. Blum Grower, Ketcham, Eide, Telan & Meltz, P.A. Post Office Box 538065 Orlando, FL 32853-8065 |

**What if you do nothing?**

If you do nothing, you will receive an equal distribution of the Settlement Fund if it is approved by the Court. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against the released parties over the released claims.

**What will happen if the Court does not approve the settlement?**

If the Court does not approve the settlement, the approval is reversed on appeal, or the settlement does not become final for another reason, you will receive not and the case will continue. The parties may negotiate a different settlement or the case may go to trial.

**Who Represents the Class?**

The attorneys who have been appointed by the Court to represent the Class are:

Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E Southern Ave, D106-618
Mesa, AZ 85215

Alexander Daniel Weisberg
Weisberg Consumer Law Group, PA
5722 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330

**Who Represents Defendant?**

Kirsten D. Blum
Grower, Ketcham, Eide, Telan & Meltz, P.A.
Post Office Box 538065
Orlando, FL 32853-8065

**Where can you get additional information?**

This notice is only a summary of the proposed settlement of this lawsuit. All pleadings and documents filed in Court, including the Class Action Settlement Agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the Middle District of Florida, Orlando Division. Please do not call the Judge about this case. **Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, Defendant's attorneys do not represent you and they cannot give you legal advice.**

# EXHIBIT "4"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO. 6:18-cv-02111-CEM-DCI

CLARK STEWART, *on behalf of himself*
*and all others similarly situated*,

      Plaintiff,

v.

FLORIDA COMMUNITY LAW GROUP,
P.L.,

      Defendant.

_____/

**[Proposed] Final Order and Judgment**

On _____, at _____ a.m./p.m., the above-captioned case came on for a Fairness Hearing on the proposed class action settlement.

In May 2019, after arms-length negotiations Plaintiff and Defendant entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On May 31, 2019, the Parties filed the Agreement, together with their Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion"). The Agreement is an exhibit to Docket Entry ____ in this case.

On or about _____, within ten days of filing the proposed settlement with the Court, Defendant complied with the requirements of 28 U.S.C. § 1715.

On _____, the Court heard the Parties' Preliminary Approval Motion.

On _____, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of Plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Clark Stewart as the Class Representative; (iv) appointed Russell S. Thompson IV and Alexander Daniel Weisberg as Class Counsel for the Class Members; and (v) set the date and time of the Fairness Hearing.

On _____, 2019, the Parties filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On _____, 2019, a Final Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether this action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties have requested final certification of the Settlement Class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

CLASS MEMBERS.  Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of all individuals in the State of Florida to whom, between December 7, 2017 and December 7, 2018 and in an attempt to collect a debt, Defendant served a notice based on the Template.  Excluded from the Class are:

(1) any person who is already subject to an existing release;

(2) any person who was deceased as of the date of the preliminary approval order;

(3) any person who was discharged in bankruptcy under Title 11 of the United States Code as of the date of the preliminary approval order; and

(4) any Class Member who timely mailed a request for exclusion.

CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT.  Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Clark Stewart as the Class Representative and Russell S. Thompson IV and Alexander Daniel Weisberg as Class Counsel for the Class Members.

NOTICES AND CLAIM FORMS.  Class action notices and claim forms were mailed to all of the Class Members.  The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

FINAL CLASS CERTIFICATION.   The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

there are questions of law and fact common to the Class Members, which predominate over any individual questions;

the claims of the Plaintiff are typical of the claims of the Class Members;

Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

The issues common to the Class predominate over issues affecting individual Class Members. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendant's alleged  defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; the limited amount of any potential total recovery for the Class; and the fact that Defendant is paying more than the maximum statutory damages allowed by law.

SETTLEMENT TERMS.   The Agreement, which is on file in this case, shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.   The material terms of the Settlement include, but are not limited to, the following:

Defendant shall pay Plaintiff $1,000.00 in statutory damages under the FDCPA and $500.00 in consideration of his service to the Class.

Defendant shall make payment to each of the 191 Class members the sum of $31.69 each, representing each such person's pro rata share of the Settlement Fund of $6,054.26. Any remaining and/or unclaimed settlement funds shall be distributed as a *cy pres* award to Community Legal Services of Mid-Florida, a not for profit entity to whom neither Plaintiff, Defendant, nor their respective counsel have an interest, and Plaintiff shall notify the Court of the date and amount of distribution.

Defendant shall pay Class Counsel a total of $15,000.00 in attorneys' fees, costs, and expenses, which the Court finds to be a reasonable fee in relation to the work expended.

Defendant shall pay Class Counsel a total of $1,000 for non-litigation expenses related to class administration.

OBJECTIONS AND EXCLUSIONS.   The Class Members were given a fair and reasonable opportunity to object to the settlement.   [No Class Member objected to the settlement OR Discussion of Class Members' objections].   The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not

bound by this Order.  There are ___ such persons, and they are listed on the attached Exhibit A.  No other Class Member is excluded.

This order is binding on all Class Members, except the ____ individuals who validly and timely excluded themselves from the Class.

RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT.  The individual and class Releases set forth in the Agreement are hereby approved.  Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

Plaintiff, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

This Action is hereby dismissed with prejudice as to all other issues and as to all parties and claims.

This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

IT IS SO ORDERED.

Dated: _____, 2019.


_____
HON. CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE