# EXHIBIT "D"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO. 6:18-cv-02111-CEM-DCI

CLARK STEWART, *on behalf of himself*
*and all others similarly situated*,

     Plaintiff,

v.

FLORIDA COMMUNITY LAW GROUP,
P.L.,

     Defendant.

_____/

**[Proposed] Order Conditionally Certifying and**
**Granting Preliminary Approval of Settlement Agreement**

Pursuant to the Joint Motion for Class Certification and Preliminary Approval of Class Action Settlement Agreement filed on May 31, 2019, the parties in this class action have reached a proposed settlement and seek preliminary approval of the proposed Class Action Settlement Agreement and the Notice of Class Action Settlement. Having considered the Motion and supporting papers, the agreement and the exhibits attached thereto, the Court issues the following Order:

I.     This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") and all terms defined therein shall have the same meaning in this Order as set forth therein. The Agreement is attached to Docket Entry __ as Exhibit A, and is incorporated herein by reference.

2.     The Court hereby preliminarily approves the Agreement and the settlement embodied therein. The Court preliminarily finds that this case meets the requirements for

class certification under Fed. R. Civ. P. 23.  The Court further preliminarily finds that the Agreement appears to provide for a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation, particularly in light of the fact that Defendant has agreed to pay to the Class the maximum statutory liability under the statute which forms the basis of this action.  It further appears that as a result of speedy, voluntary discovery, counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action. Additionally, it appears that the proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations.

3.      A hearing ("Fairness Hearing") shall be held before this Court on the _____ day of _____, 2019 at _____ a.m./p.m. in Courtroom 5B of the United States District Court for the Middle District of Florida, located at the George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801, to determine all necessary matters concerning the settlement, including: Whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the Court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the Court should finally approve a statutory damages and enhancement payment for the named-plaintiff; and the amount of attorneys' fees and costs to be awarded Class Counsel.

4. The Court hereby approves, as to form and content, the proposed "Notice to Class Members" ("Class Notice") attached as Exhibit B to Docket Entry __. The Court finds that the distribution of the Class Notice substantially in the manner and form set forth in the Agreement meets the requirements of due process under the Constitution and Fed. R. Civ. P. 23(e); and that such Class Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the Class, the right to object or opt out, and the proposed settlement and its terms.

5. For purposes of effectuating this settlement, the Court preliminarily certifies a Settlement Class consisting of all individuals in the State of Florida to whom, during the Class Period and in an attempt to collect a debt, Defendant served a notice based on the Template.  Excluded from the Class are:

a.    any person who is already subject to an existing release;

b.    any person who is deceased as of this date;

c.    any person who has been discharged in bankruptcy under Title 11 of the United States Code as of the date of this order; and

d.    any Class Member who timely mails a request for exclusion.

The Class Period runs from December 7, 2017 to December 7, 2018.

6. For purposes of effectuating this settlement, the Court hereby appoints Plaintiff Clark Stewart as the class representative for the Settlement Class, and the following attorneys are appointed as Class Counsel:

Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E Southern Ave. D106-618
Mesa, AZ 85215
602-388-8898
rthompson@thompsonconsumerlaw.com

and

Alex D. Weisberg
Weisberg Consumer Law Group, PA
5722 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

7.      The Class Notice shall be distributed to the Class as follows: On or before the [30 days after date of this order], 2019, Plaintiff or its designee will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendant's records, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address.  As to any Class Member whose notice is returned without a forwarding address, Plaintiff or his designee shall run such Class Member through the National Change of Address database to seek a good address and they shall re-send the Notice to any Class Member for whom he is able to obtain a new address as a result of such search.  Plaintiff shall use his best efforts to provide prompt re-sending of any returned notices.   However, Plaintiff and Class Counsel shall not be responsible the failure of the Postal Service to timely deliver or return a class notice. Plaintiff shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Fairness Hearing.

8.      Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by [three weeks prior to the Fairness Hearing], 2019.  Class Members who wish to exclude themselves from (opt out of) the Class must mail a written request for exclusion to Class Counsel and Counsel for Defendant postmarked no later than [two weeks prior to the Fairness Hearing], 2019.  In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, and Social Security number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the Class.

9.      Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

10.     No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representative's award unless not later than [three weeks prior to the Fairness Hearing], 2019, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Counsel for Defendant a written notice of intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

11.     Any such notice of objections shall include:

(1) a statement of each objection being made;

(2) a detailed description of the facts underlying each objection;

(3) a detailed description of the legal authorities underlying each objection;

(4) a statement of whether the objector intends to appear at the Fairness Hearing;

(5) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and

(6) a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

12. Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections.

13. Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute, or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, members, or employees arising out of or related to the same or similar circumstances, transactions, or occurrences as are alleged in this case, such as Defendant's use of the form notice that is at issue in this case.

14. This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any

purposes other than Settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

IT IS SO ORDERED.

Dated: _____, 2019.

_____
HON. CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE