UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CLARK STEWART,** *on behalf of himself*
*and all others similarly situated*.

                 **Plaintiffs,**

**v.**                                            **Case No:  6:18-cv-2111-Orl-CEM-DCI**

**FLORIDA COMMUNITY LAW**
**GROUP, P.L.,**

                 **Defendant.**

_____

### REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR CONDITIONAL CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT (Doc. 29).** |
| **FILED:** | **May 31, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    Background

### A.  Plaintiff's Allegations

    Plaintiff initiated this case pursuant to the Fair Debt Collection Practices Act (FDCPA) individually and on behalf of other similarly situated.  Doc. 1.  This matter is before the Court because the parties jointly moved for conditional class certification and preliminary approval of the class action settlement agreement (the Motion).  Doc. 29.

    Briefly stated, the facts according to the Complaint are as follows.  Defendant filed a lawsuit against Plaintiff, a consumer, to collect a debt in October 2018.  *Id*. at 3-4.  The "lawsuit

included a document entitled 'Notice required by the Fair Debt Collection Practices Act.'" *Id*. at 4. Plaintiff alleges that although it was Defendant's initial communication with Plaintiff, the "lawsuit does not explain the apparent contradiction between the requirement to respond within twenty days and the consumer's right to dispute the debt within thirty days." *Id*. Alternatively, Plaintiff alleges that the notice was improperly included with the lawsuit because it was a legal pleading and not the initial communication with Plaintiff with respect to the debt. *Id*. Plaintiff claims that the notice misleadingly states: "This law firm *may* be deemed a 'debt collector' under the Fair Debt Collection Practices Act. Any and all information obtained during the prosecution of this lawsuit *may* be used for all purposes of collecting a debt." *Id*. (emphasis added in the original). *Id*. at 5. Plaintiff alleges that a less sophisticated consumer would be unsure whether Defendant was a debt collector under the FDCPA. *Id*.

The notice also states that "[t]he amount of the debt is stated in paragraph 9 of the Complaint attached hereto," which identifies the debt as "$3,290.97 exclusive of interest, costs, and attorney's fees." *Id*. Plaintiff complains that the "lawsuit" does not identify any amount of interest, costs, or attorney's fees, and "does not meaningfully convey the amount of the debt." *Id*.

Plaintiff alleges that Defendant's practice of providing the notice in this manner violates the FDCPA.

### B.  The Motion

On April 25, 2019, the parties filed a Notice of Settlement which provided that the parties have reached a proposed settlement on a class wide basis. Doc. 25. The parties now move for class certification and preliminary approval of the class action settlement agreement (Agreement), which is attached to the Motion, along with a proposed notice to class members (Class Notice).

Doc. 29, 29-1, 29-2.  The Motion provides that Defendant denies Plaintiff's allegations, but still joins in the request for certification solely for settlement purposes.  Doc. 29 at 4.

The parties move for the Court to: (1) preliminarily certify a class of individuals for settlement purposes as proposed in the attached settlement agreement; (2) preliminarily approve the Agreement pursuant to Rule 23 of the Federal Rules of Civil Procedure; (3) conditionally certify Plaintiff as the named representative of the class; (4) conditionally certify Plaintiff's attorney as counsel for the class; (5) approve the form of the Class Notice and proposed method of distribution; and (6) set a final fairness hearing to determine whether the proposed settlement is fair, adequate, and reasonable.

### C.  The Settlement Agreement

The parties have agreed to the conditional certification of the following settlement class:

> All individuals in the State of Florida to whom, during the Class Period and in an attempt to collect a debt, Defendant served a notice based on the Template.

Doc. 29-1 at 4.

"Template" is defined in the Agreement as "the standardized notice used by Defendant to collect consumer debts containing language substantially similar to the notice served on Plaintiff and attached as Exhibit A to the original complaint filed in the above-captioned case."  *Id*. at 7.  "Class Period" is then defined as December 7, 2017 to December 7, 2018.  *Id*. at 5.

The Agreement provides that Defendant will establish a fund in the amount of $6,504.26 to distribute evenly to all members of the class who do not exclude themselves from the proposed settlement.  Doc. 29-1 at 10-11.  The Motion explains that the Agreement proposes to certify a class of 191 individuals.  Doc. 29 at 4.  The Agreement also provides that Defendant will pay Plaintiff $1,000 in statutory damages under the FDCPA, which is described as the amount he could have received by proceeding with his claims individually, and $500 for consideration for his

service to the class.  *Id*. at 11.  There is also a provision for reasonable attorney fees and costs in an amount to be determined by the Court, and $1,000 to the class counsel for non-litigation expenses related to class administration.  *Id*.

## II.    Analysis

### A.  Class Certification

"A class may be certified solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue."  *Diakos v. HSS Sys., LLC*, 137 F. Supp. 3d 1300, 1306 (S.D. Fla. 2015) (internal quotation marks omitted).  A party seeking to certify a class action — be it contested or not — bears the burden of demonstrating that: 1) the named plaintiffs have standing to raise each class claim, *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279-80 (11th Cir. 2000); 2) the proposed class is adequately defined and clearly ascertainable, *Carriuolo v. Gen. Motors, Co.*, 823 F.3d 977, 984 (11th Cir. 2016); 3) the putative class meets the numerosity, commonality, typicality, and adequacy of representation requirements set forth in Federal Rule of Civil Procedure 23(a), *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187-88 (11th Cir. 2003); and 4) the putative class meets at least one of the three requirements set forth in Federal Rule of Civil Procedure 23(b), *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1279 (11th Cir. 2000).  The Court has broad discretion in determining whether to certify a class and may do so only after conducting a "rigorous analysis" to ensure that the moving party has satisfied all the necessary requirements for certification. *Sacred Heart Health Sys. v. Humana Military Healthcare Servs.*, 601 F.3d 1159, 1169 (11th Cir. 2010).

### 1.  Standing

To establish Article III standing, a plaintiff must show that: (1) he suffered an injury in fact; (2) the injury at issue is fairly traceable to the defendant's alleged conduct; and (3) the injury

is likely to be redressed by a favorable judicial decision.  *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).  "To have standing to represent a class, a party must not only satisfy the individual standing prerequisites, but must also 'be part of the class and possess the same interest and suffer the same injury as the class members."  *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307 (11th Cir. 2008) (quoting *Prado-Steiman*, 221 F.3d at 1279).

Plaintiff has standing to bring his claims against Defendant.  Specifically, as discussed in this Report, Plaintiff alleges that Defendant, in connection with the collection of a debt, filed a lawsuit against Plaintiff requiring him to respond within 20 days.  Doc. 29 at 2.  Defendant included a notice in the "lawsuit" that Plaintiff alleges violates the FDCPA.  *Id*. at 3.  Plaintiff seeks to conditionally certify a class of individuals who received the "notice based on the template" which included "language substantially similar to the notice served on Plaintiff."  Doc. *Id*. at 4.

The undersigned finds that the allegations are sufficient to establish that Plaintiff suffered an injury in fact as to each claim, that his injury is traceable Defendant's conduct, and Plaintiff's injuries are likely to be redressed by a favorable judicial decision.  Such allegations establish that Plaintiff possesses the same interest and suffered the same injury as the putative class as defined in the Agreement.  *See Mills*, 511 F.3d at 1307.  Accordingly, the undersigned finds that Plaintiff has standing to sue.

## 2.  Adequately Defined and Clearly Ascertainable

Plaintiff must establish that the proposed class is adequately defined and clearly ascertainable.  *Carriuolo*, 823 F.3d at 984.  "An identifiable class exists if its members can be ascertained by reference to objective criteria."  *Riffle v. Convergent Outsourcing, Inc.*, 311 F.R.D. 677, 680 (M.D. Fla. 2015).  Such objective criteria should be administratively feasible, meaning

"that identifying class members is a manageable process that does not require much, if any, individual inquiry." *Id.*

Here, the parties have attached Russell S. Thompson, IV's affidavit to the Motion. Doc. 29-3. Mr. Thompson, Plaintiff's attorney, explains that Defendant produced financial records and information related to the putative class members. *Id.* at 3. Mr. Thompson states that Defendant also produced a list of all class members, which included each of the consumers' names, addresses, and CaseIDs. *Id.* Mr. Thompson attests to the fact that after review he determined that the class list and financial statements appear to be authentic. *Id.* Mr. Thompson avers that "[b]ased on [his] review of the information and documents produced by Defendant, [he] determine[d] that the stated class size was in accordance with Defendant's representations." *Id.* Mr. Thompson then provides that he identified 191 putative class members based on the putative class member list. *Id.* at 4.

Upon due consideration, the undersigned finds that the parties have sufficiently explained how the parties identified the class such that it is adequately defined and clearly ascertainable. The definition of the class contains sufficient objective criteria that would allow individuals to determine membership. Further, Mr. Thompson's affidavit explains how the parties identified the 191 members in an administratively feasible manner.

### 3.  Rule 23 (a)

#### i.  Numerosity

Under Rule 23(a)(1), the plaintiff must show that the settlement class is so numerous that joinder is impracticable. *See* Rule 23(a)(1). The Eleventh Circuit has held that the numerosity requirement is "a generally low hurdle" and "less than twenty-one is inadequate [and] more than forty [is] adequate ..." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009).

Here, the parties have identified 191 individuals who, in an attempt to collect a debt, Defendant served a lawsuit along with a notice based on the template between December 7, 2017 and December 7, 2018.  Doc. 29 at 6; Ex. C.  The undersigned finds that, preliminarily and for settlement purposes only, the class meets the numerosity requirement of Rule 23(a)(1).

### ii.  Commonality

Rule 23(a)(2) requires a plaintiff to show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury . . . .'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S.Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  The claims must depend on a common contention of which "its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.  The Supreme Court has found that, for the purposes of Rule 23(a)(2), a single common question of law or fact is sufficient.  *Id.* at 359.  To establish commonality in the context of the FDCPA, it is generally "sufficient that plaintiff allege that all class members received the same collection letter." *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999); *Klewinsowski v. MFP, Inc.*, 2013 WL 5177865, at *2 (M.D. Fla. Sept. 12, 2013) (finding commonality satisfied where "the claims of the putative class members depends on a common contention that defendant's debt collection letters . . . violate the FDCPA," and those collection letters were 'standardized' in nature and sent "to each member of the putative class.").

Here, the parties have identified common questions of law or fact that satisfy the commonality requirement.  The parties provide that Defendant served a "lawsuit along with a notice based on the template on each member of the class in connection with the collection of a debt." Doc. 29 at 7.  The parties claim that the common questions include, but are not limited to,

whether the service and notice violated the FDCPA by not explaining the "contradiction" of the time periods and by not meaningfully conveying the amount of the debt. *Id*. 7-8. Also, whether the service and notice violated the FDCPA by requiring the dispute to be in writing and by stating that it "may" be a debt collector. *Id*. at 8. Accordingly, the alleged misleading content and service is the basis for the settlement class' FDCPA claim. As a result, for purposes of settlement, the undersigned preliminarily finds that Rule 23(a)'s commonality requirement is satisfied.

### iii.    Typicality

Rule 23(a)(3) requires that Plaintiff's claims be typical of the claims of the settlement class. Fed. R. Civ. P. 23(a)(3). The Eleventh Circuit has found that the typicality requirement "measures whether a sufficient nexus exists between the claims of the named representative and those of the class at large." *Hines v. Widnall*, 334 F.3d 1253, 1256 (11th Cir. 2003). "A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984).

Here, Plaintiff and the settlement class members are all individuals in Florida who Defendant served a notice based on a "template" in an attempt to collect a debt during a one-year period. As such, Plaintiff alleges that he and the settlement class members were all subjected to the same or similar unlawful activity through their common receipt of the notice. The allegations establish a sufficient nexus. Accordingly, the undersigned finds that the settlement class meets the typicality requirement of Rule 23(a)(3).

### iv.  Adequacy

Rule 23(a)(4) requires that "the representative parties ... fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Supreme Court has stated that the "adequacy

inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citations omitted).  The adequacy requirement, therefore, "encompasses two separate inquiries: 1) whether any substantial conflicts of interest exist between the representatives and the class; and 2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003).  Regarding adequacy of representation, Rule 23(g)(1)(A) requires that the Court consider the following in determining the appointment of class counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . ."  Fed. R. Civ. P. 23(g)(1)(B).

Plaintiff represents to the Court that he has no conflicts of interest with the class members and he will adequately represent their interests.  Doc. 29 at 9.  There is no evidence of any conflicts of interest between Plaintiff and the settlement class members.  Further, Plaintiff states that he has been willing to pay the cost of litigation and is prepared to pay the cost of distributing notice to the class members.  *Id.*   Accordingly, the undersigned finds that Plaintiff will adequately represent the interests of the class he seeks to represent.

With respect to class counsel, the parties move the Court to enter an order conditionally certifying Plaintiff's attorneys as counsel for the class.  Doc. 29 at 1.  Class counsel is defined in the Agreement as Russel S. Thompson IV of Thompson Consumer Law Group, PLLC and

Alexander D. Weisberg of Weisberg Consumer Law Group, PA.  Doc. 29-1 at 5.  The docket reflects that Mr. Weisberg is serving as local counsel in this case.  Doc. 24.

Plaintiff provides that his counsel has experience in handling both consumer protection litigation and class actions.  *Id*.  Russell S. Thompson IV, Plaintiff's counsel admitted *pro hac vice*, has submitted a declaration wherein he states that his law firm is willing and financially capable of paying the costs of distributing notice to the class members and administering the class settlement process.  Doc. 29-3 at 4.   The Motion cites to several cases where Mr. Thompson and the Thompson Consumer Law Group were appointed as class counsel in a FDCPA class action. Doc. 29 at 9-10.

While Plaintiff has not submitted a declaration on behalf of Mr. Weisberg, the Motion cites to *Dove v. Moody, Jones, Ingino & Morehead, PA*, case no. 3:15-cv-00251 (M.D. Fla. April 18, 2016), wherein Mr. Weisberg was certified as class counsel in an EFTA action.[1]

Based on the foregoing, the undersigned finds that Mr. Thompson and Mr. Weisberg have significant experience in class actions and consumer law, including the FDPCA and would adequately represent the class.

### 4.   Rule 23(b)(3) Requirements

#### i.   Predominance

The requirements of Rule 23(b)(3) are satisfied for purposes of certification of the settlement class.   Rule 23(b)(3) requires a finding that questions of law or fact common to class members predominate over any questions affecting only individual members.  The "predominance

---

[1] The undersigned also notes that a review of CM ECF reflects that Mr. Weisberg has been involved in a number of class actions before this Court involving the FDPCA.  *See e.g.*, *Reynolds v. ESP Receivables Management, Inc.*, case no. 6:19-cv-1623-CEM-LRH; *Smith v. Alliance CAS, LLC*, case no. 6:17-cv-2130-GAP-DCI.

inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc.*, 521 U.S. at 623. The court must carefully scrutinize the relationship between common and individual questions in a case. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016). An individual question requires evidence that is different from one class member to another, but a common question can be resolved by the same evidence for each class member or the issue can be proven by generalized, class-wide proof. *Id.* In reviewing predominance, the court determines whether the common issues are more prevalent or important than the individual issues. *Id.* If the central issues are common to the class and predominate, then the predominance inquiry is satisfied. *Id.*

Here, the core common issues of law that surround the FDCPA claim predominate for purposes of settlement over individual questions associated with the resolution of this case. *See Gaalswijk-Knetzke v. Receivables Mgmt. Servs. Corp.*, 2008 WL 3850657, at *2, 4 (M.D. Fla. Aug. 14, 2008) ("In cases seeking relief for conduct involving form collection letters alleged to violate the FDCPA . . ., certification of a class is not unusual" because "the common issues raises by sending the same form collection letters [to class members] predominate over any individual issues."). The central issue is whether Defendant violated the FDCPA by sending the notice relating to the collection of a debt to the settlement class members during the one-year period. There is no evidence to suggest thus far that individual issues would predominate in this action.

Accordingly, the undersigned finds that, preliminarily and for settlement purposes only, common issues predominate.

### ii.  Superiority

Under Rule 23(b)(3), Plaintiff must also show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"The inquiry into whether the class action is the superior method for a particular case focuses on increased efficiency." *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 700 (S.D. Fla. 2004) (internal quotations and citations omitted).

Considering the size of the settlement class that the parties have identified, a class action is far more efficient in resolving this dispute compared to a number of individual cases being filed based on the same or similar facts and legal arguments. The parties also provide that since the names and addresses of the settlement class members are known along with the "financial information," the parties do not expect that the management of the class settlement will pose any difficulties. Moreover, there is no evidence that anyone has brought an individual case involving the same set of facts and legal issues, and there is no evidence that the class members would have a strong interest in controlling the prosecution of their individual claims.

Accordingly, the undersigned preliminarily finds that the superiority requirement is satisfied.

### iii. Summary

In light of the foregoing, the undersigned recommends that the class as defined in the Agreement be conditionally certified for settlement purposes. Additionally, the undersigned recommends that Plaintiff be appointed as class representative and that Russell S. Thompson, IV and Alexander D. Weisberg be appointed as class counsel.

### B. Adequacy of Class Notice

Since Plaintiff has met the requirement for certifying a class for settlement purposes, the undersigned will address the adequacy of the class notice. Federal Rule of Civil Procedure 23(c)(2) requires that the notice to all class members shall be as "best [as] practicable under the circumstances, including individual notice to all members who can be identified through

reasonable effort." *Mills*, 202 F.R.D. at 305 (citing Fed. R. Civ. P. 23(c)(2)(B)).  When reviewing the settlement for preliminary approval, the Court must "review and approve the proposed form of notice to the class . . ." *Family Med. Pharmacy v. Holdings*, 2016 WL 7320885, at *5 (S.D. Ala. Dec. 14, 2016).

The parties have attached the proposed Class Notice to the Motion, and the parties' proposed method of distribution to the class is set forth in the Agreement.  Doc. 29 at 1; Doc. 29-1.  Rule 23(c)(2)(B) requires that Class Notice contain the following:

    (i)      The nature of the action;

    (ii)     The definition of the class certified;

    (iii)    The class claims, issues, or defenses;

    (iv)    That a class member may enter an appearance through an attorney if the member so desires;

    (v)     That the court will exclude from the class any member who requests exclusion; and

    (vi)    The binding effect of a class judgment on members under Rule 23(c)(3).

Here, the proposed Class Notice states why the settlement class member is receiving notice; describes the nature of the action, claim, damages, and issues; defines the settlement class; outlines the terms of the Agreement as well as the process for objections to and approval of the same; explains that the settlement class members are permitted to opt out of the Agreement and outlines deadlines and procedures for doing so; provides that any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so within a certain time period; explains that unless the class member is excluded, an equal distribution of the settlement fund will be received and the member will not be able to sue or "continue a lawsuit against the released parties over the

released claims"; and provides the name and address for class counsel, defense counsel, and the Court.  Doc. 29-1 at 47- 59.

The parties provide that the Class Notice will be sent via U.S. mail in the manner outlined in the Agreement.  Doc. 29 at 4.  According to the Agreement, the Class Notice will be sent to the class members at the most current address reflected in Defendant's records with a notation on the envelopes requesting address correction.  Doc. 29-1 at 8.   If a Class Notice is returned with a new address, the notice will be re-mailed to the new address.  *Id*.  If the Class Notice is returned with no forwarding address, "Plaintiff or his designee shall run such class member through the national change of address database to seek a good address and they shall re-send the notice to any class member for whom it is able to obtain a new address as a result of such search."  *Id*. at 8-9.

Considering the foregoing, the undersigned finds that the content and method of the proposed Class Notice is compliant with Rule 23 and recommends that it be approved.

## C.    Preliminary Settlement Approval

The parties contend that the Agreement is fair, adequate, and reasonable, given the limited potential recovery of the class as a whole and uncertainty of litigation.  Doc. 29 at 5.  As such, the parties seek preliminary approval of the Agreement.  "The claims, issues, or defenses of a . . . class proposed to be certified for purposes of settlement . . . may be settled . . . only with the court's approval."  Fed. R. Civ. P. 23(e).  The first step in the approval process is a preliminary finding that the proposed settlement is "fair, adequate and reasonable and is not the product of collusion between the parties."  *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *see Nolan v. Integrated Real Estate Processing*, 2009 WL 10670779, at *6 (M.D. Fla. Sept. 9, 2009) ("[T]he Court must make a preliminary finding that the proposed settlement is sufficiently fair, reasonable, and adequate on its face to warrant presentation to the class members.").

In determining the fairness, adequacy, and reasonableness of a class settlement, the Court considers the following factors: 1) the likelihood of success at trial; 2) the range of possible recovery; 3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; 4) the anticipated complexity, expense, and duration of litigation; 5) the opposition to the settlement; and 6) the stage of proceedings at which the settlement was achieved. *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011). "Although class action settlements should be reviewed with deference to the strong judicial policy favoring settlement, the court must not approve a settlement merely because the parties agree to its terms." *Palmer v. Dynamic Recovery Solutions, Inc.*, 2016 WL 2348704, at \*3 (May 4, 2016). However, if the proposed settlement falls within the range of possible approval, then the settlement should be preliminarily approved. *Fresco v. Auto Data Direct, Inc.*, 2007 U.S. Dist. LEXIS 37863, 2007 WL 2330895, at \*4 (S.D. Fla. May 14, 2007).

### 1. Likelihood of Success at Trial

The parties provide that they have come to an agreement regarding a potential settlement after engaging in an arms-length negotiation. Doc. 29 at 4. According to the Agreement, Defendant denies the material allegations in Plaintiff's Complaint, disputes both factually and legally that it is liable in any way to Plaintiff or the class he seeks to represent and denies that its actions violated the law in any manner. Doc. 29-1 at 3. As such, while the parties have agreed to the preliminary settlement, there appears to be disputed issues that must be resolved in Plaintiff's favor to prevail at trial. Considering that Defendant maintains that it is not liable, the undersigned finds that it is not preliminarily certain that Plaintiff would prevail at trial and, therefore, the settlement appears fair.

2.   **The Range of Possible Recovery under the FDCPA and at which the Settlement is Fair, Adequate, and Reasonable**

Plaintiff claims that Defendant has violated the FDCPA.   "Although putative class members could recover up to $1,000 in statutory damages in an individual action, damages in an FDCPA class action are capped at the lesser of $500,000 or one percent of the Defendant's net worth."  *Kennedy v. CompuCredit Holdings Corp.*, 2014 WL 12621245, at *2 (M.D. Fla. Sept. 16, 2014) (citing 15 U.S.C. § 1692k(2)(B)).  The Motion and Class Notice provide that Defendant has established a settlement fund in the amount of $6,054.26, which means the parties expect that the amount divided amongst class members to "no less than $31.69."  Doc. 29, at 11; 29-2 at 2.

The Motion and attached documents do not reflect Defendant's net worth.  *See Doc. 29.*  However, the parties state that after production of financial business records, Defendant's net worth was established and "the class settlement fund is the same or more than the class could receive through contested litigation."  Doc. 29 at 12.  The parties have attached Mr. Thompson's declaration which supports this representation to the Court.  Doc. 29-3 at 4.  Mr. Thompson declares that he based the assertion regarding the settlement fund on Defendant's "financial business records."  Doc. 29-3 at 4.  Mr. Thompson states that Defendant produced financial records (including bank records, profit and loss statements, and balance sheets) related to Defendant's net worth, and that "each document appeared to reflect Defendant's genuine business records and that the [sic] both the class list and financial statements are authentic and accurately depict Defendant's earlier representations about its financial condition."  *Id.*

While the Court does not have the net worth before it to evaluate the accuracy of the statement regarding the settlement fund, the undersigned finds that at this preliminary juncture Mr. Thompson's declaration that the amount is the "same or more than the class could receive through contested litigation" is adequate.   Considering that Plaintiffs may recover nothing and the

representation that the recovery would be the same, e.g. within the range, or above it, the undersigned finds that these factors weigh in favor of finding the settlement to be fair, adequate and reasonable.

The undersigned notes that if the Court finds that that Parties failure to provide the net worth does not allow it to meaningfully evaluate the possible range of recovery, the undersigned still recommends preliminary approval of the Agreement as fair and reasonable given the other factors that weigh in its favor and the strong judicial policy favoring settlement.

### 3.   The Complexity, Expense, and Duration of Continued Litigation

The parties reached a settlement approximately one month after the Case Management and Scheduling Order was entered setting the deadline for discovery and dispositive motions.  If the Court does not approve the settlement, the case would proceed with discovery and the possibility of dispositive motions and trial.  As such, there is no doubt that continued litigation would be lengthy.  Indeed, the Agreement provides that Defendant concludes that further litigation would be protracted and expensive, and it is willing to enter into the Agreement to avoid further inconvenience and expense.  Doc. 29-1 at 3.  Based on the foregoing, the undersigned finds that this factor weighs in favor of finding the settlement to be fair, adequate, and reasonable.

### 4.   The Opposition to Settlement

While the parties have agreed to the settlement, it is too soon to determine whether there is any opposition since notice has not been sent to the class members.  There is no evidence regarding opposition at this stage of the case.  Therefore, the undersigned finds that this factor does not carry any significant weight at this point in the proceedings.

### 5. The State of Proceedings at which Settlement was Achieved

Even though the parties reached settlement at a fairly early stage of the proceedings, their settlement was reached "after engaging in an arms-length negotiation" and the parties state that Plaintiff's attorneys have experience in handling consumer protection litigation and class actions. Doc. 28 at 4, 9.  The parties also provide that they engaged in discovery regarding numerosity and Defendant's net worth and, therefore, were prepared to make a well-informed decision concerning settlement.  *Id.* at 6, 11-12.

The undersigned finds that this factor weighs in favor of finding the settlement to be fair, adequate, and reasonable.  *See Preman v. Pollo Operations, Inc.*, 2018 WL 3151673, at *10 (M.D. Fla. Apr. 12, 2018) (approving a preliminary settlement at "an early stage of the proceedings" that was a "result of intensive arms-length negotiations between experienced attorneys who are familiar with class action litigation.").

### 6. Other Provisions in the Agreement

The Agreement provides that Defendant shall (subject to approval of the Court) pay the reasonable attorneys' fees and litigation expenses of class counsel in an amount to be determined by the Court.  Doc. 29-1 at 11.  Defendant agrees not to oppose up to $15,000 but shall have the ability to challenge the entire amount of attorneys' fees and litigation expenses should Plaintiff seek more than $15,000.  *Id.*  In light of the fact that the parties are not moving for attorney fees at this juncture, the Agreement provides that the amount will be determined by the Court, and the fees are not awarded from a common fund or the settlement fund, the undersigned finds that this provision does not negatively affect the fairness, adequacy, and reasonableness of the settlement.

The Agreement also includes a payment of $1,500 to Plaintiff for his statutory damages and $500 as a service payment.  Doc. 29-1 at 11.  The parties explain that the $1,000 is being

offered to Plaintiff because it is "simply the amount [he] could have been awarded had he chosen to pursue this action individually and without the additional risk of incurring attorney's fees and costs of maintaining a class action." Doc. 29 at 12. Further, the parties state that the $500 payment is appropriate because incentive awards are justified. *Id*.

Considering the time and effort Plaintiff will expend in this case and the risk inherent with bringing this action, the undersigned finds that the amount is reasonable for the purpose of preliminarily approving the settlement and does not negatively impact the fairness of the Agreement. *See Coles v. Stateserv Med. Of Fla., LLC*, 2018 WL 3860263, at *3 (M.D. Fla. June 19, 2018), *report and recommendation adopted by* 2018 WL 4381186 (M.D. Fla. July 19, 2018) (finding that $4,000.00 service award for class representative was not unreasonable for purposes of preliminary approval of settlement.").

### D. The Proposed Preliminary Order

The undersigned recommends that the Court adopt the proposed preliminary order (Doc. 29-4) with two exceptions. First, paragraph 2 of the proposed preliminary order provides that "[i]t appears to the Court that the Agreement is fair, adequate, and reasonable as to all potential class members, when balanced against the probable outcome of further litigation, *particularly in light of the fact that Defendant has agreed to pay to the Class the maximum statutory liability under the statute which forms the basis of this action*." Doc. 29-4 at 3 (emphasis added). Based on the previous finding that the parties have not provided Defendant's net worth, the undersigned cannot recommend the inclusion of this language in the proposed preliminary order. While the undersigned has made a preliminary finding of fairness based on counsel's representation that "the class settlement fund is the same or more than the class could receive through contested litigation," that is not the same as making a determination regarding the exact amount Defendant has agreed

to pay.  If the Court agrees, then the undersigned recommends modifying the Agreement to reflect the removal of that language.

Second, there appears to be a discrepancy between the proposed Class Notice and the preliminary approval order.  Specifically, with regard to the plaintiffs' ability to object to the settlement, the Class Notice provides that an objection must be made by "either fil[ing] a formal objection or else send[ing] a letter to the Court."  Doc. 29-2 at 5.  The Class Notice then describes what the "objection or letter must state."  *Id*.  However, paragraphs 10 and 11 of the proposed preliminary order state that that the class member or other person must file with the Clerk of Court and serve a "written notice of intent to object," and explain what the "notice of objections shall include."  Doc. 29-4 at 6.

Even though the discrepancy in the terms may be slight, the undersigned finds that the proposed preliminary order should reflect the same language regarding objection as provided in the notice.  Accordingly, if the Court agrees, the undersigned recommends that paragraphs 10 and 11 be modified to be consistent with the Class Notice.

### E.   Fairness Hearing

The parties request in the Motion that the Court set a final fairness hearing.  Doc. 29.  Final approval of class actions is a two-step process that includes (1) preliminary approval and (2) a subsequent fairness hearing.  *O'Connor v. Worthington PJ, Inc*. 2017 WL 6762436, at *3 (M.D. Fla. Dec. 13, 2017) (citing, *Holman v. Student Loan Xpress, Inc.*, 2009 WL 4015573, at *4 (M.D. Fla. Nov. 19, 2009)).  The parties have adequately demonstrated that their settlement should be preliminarily approved.   If the Court adopts this Report and Recommendation, then the undersigned anticipates that a fairness hearing will be scheduled on a date and time that the Court deems appropriate.

## III.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.   The Joint Motion for Conditional Class Certification and Preliminary Approval of Class Settlement Agreement (Doc. 129) be **GRANTED**;[2]

2.   The Court approve the proposed preliminary order (Doc. 29-4) with the recommended modifications; and

3.   The Court set a fairness hearing as it deems appropriate.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **The parties may file a notice of no objection if they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on August 26, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] While the undersigned recommends that proposed preliminary order be modified, the Motion is granted in its entirely because the parties do not specifically move for the Court to approve the proposal as part of the Motion.