# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO. 6:18-cv-02111-CEM-DCI

CLARK STEWART, *on behalf of himself and all others similarly situated*,

    Plaintiff,

v.

FLORIDA COMMUNITY LAW GROUP, P.L.,

    Defendant.

_____/

## Joint Motion for Class Certification and Final Approval of Class Action Settlement Agreement

Plaintiff Clark Stewart ("Plaintiff") and Defendant Florida Community Law Group, P.L. ("Defendant") (together "the Parties") hereby jointly move the Court to: (1) certify the class of individuals conditionally certified for settlement purposes ("the Class"); (2) grant final approval of the parties' proposed settlement agreement (Doc. 29-1) ("the Agreement"); and (3) appoint Plaintiff and his counsel as representatives of the Class for final settlement purposes.[1] In support thereof, the Parties respectfully show the following:

**I.  Introduction**

On September 6, 2019, the Court conditionally certified a settlement class in this action and preliminary approved the Parties' proposed settlement agreement. Doc. 32. A final fairness hearing has been set for **January 2, 2020 at 10:00 a.m**. *Id*. at 2. After providing the other 190 class members with notice of the proposed settlement, no objections

---

[1] Defendant denies Plaintiff's allegations and joins in the request for certification solely for settlement purposes.

1

have been received and no class member has requested exclusion from the class. If the Court grants final approval of the proposed settlement, the Settlement Fund of $6,054.26 will be equally divided among the 190 absent class members—with each receiving a check for $31.69. The settlement is "fair, reasonable, and adequate" under Fed. R. Civ. P. 23(e)(2), because it represents more than the Class is likely to be awarded through further litigation.

## II.     Background

### A.     Nature of the Action

This action has been brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Doc. 1. Under the FDCPA, debt collectors must provide consumers with certain notices in their initial communication with respect to the debt. 15 U.S.C. § 1692g(a). Debt collectors must state the amount of the debt. *Id*. at § 1692g(a)(1). They must also provide "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." *Id*. at § 1692g(a)(3).

While the consumer must make a *written* dispute to trigger certain obligations in the debt collector, *see Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) ("the consumer has a right to verification only if she disputes the debt in writing"); 15 U.S.C. § 1692g(a)(4-5), the consumer may *orally* notify the debt collector that the debt is disputed to trigger *other* obligations. *See Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) ("an oral dispute triggers multiple statutory protections"). Accordingly, a debt collector violates the FDCPA by grafting an "in writing" requirement into its § 1692g(a)(3) disclosure. *See Higgins v. Quality Recovery Servs., Inc.*, No. 1:17-CV-2581-WSD-JSA, 2018

WL 1959755, at *3-4 (N.D. Ga. Apr. 26, 2018) (relying on *Camacho* in adopting magistrate's recommendation to deny motion to dismiss claim under § 1692g(a)(3) for debt collector's disclosure indicating that all disputes needed to be made in writing). The FDCPA also prohibits debt collectors from making any statements that "overshadow" or are inconsistent with the disclosures required under § 1692g(a). *See* 15 U.S.C. § 1692g(b).

Further, the FDCPA generally prohibits debt collectors from using false, deceptive, or misleading means or representations to collect debts. 15 U.S.C. § 1692e. While "citing a subsection is unnecessary," *Baye v. Midland Credit Mgmt., Inc.*, No. CV 17-4789, 2017 WL 4918998, at *5 (E.D. La. Oct. 31, 2017), section 1692e(10) constitutes a "catch-all prohibition against '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt.'" *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C.*, 114 F. Supp. 3d 1342, 1367 (N.D. Ga. 2015) (quoting 15 U.S.C. § 1692e(10)). Another specific prohibition under section 1692e includes the failure to disclose, in the debt collector's initial communication "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

The FDCPA makes any person who fails to comply liable to an aggrieved consumer "in an amount equal to the sum of any actual damage sustained by such person as a result of such failure," "such additional damages as the court may allow, but not exceeding $1,000," and "in the case of a class action . . . such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." *See* 15 U.S.C. § 1692k(a).

The FDCPA allows a prevailing consumer to recover reasonable attorney's fees and costs from the debt collector. *Id*.

### B. Plaintiff's FDCPA Claims Against Defendant

Plaintiff is a consumer alleged to owe money arising from a roof replacement on his home ("the Debt"). Doc. 1-1 at 10. Defendant is a law firm alleged to be a "debt collector" under the FDCPA based on its consumer debt collection activities. Doc. 1 at ¶¶ 16-17. Defendant filed a lawsuit against Plaintiff in Florida state court over the Debt. Doc. 1-1.

When Defendant served Plaintiff with the lawsuit, it provided numerous accompanying documents. *Id*. Plaintiff alleges that these accompanying documents constitute Defendant's "initial communication" with Plaintiff in relation to the Debt, and therefore triggered Defendant's obligations under § 1692g. Doc. 1 at ¶ 24. One of the accompanying documents purported to provide Plaintiff with the disclosures required under § 1692g of the FDCPA ("the Notice"). Doc. 1-1 at 16.

#### 1. 1692g claims

Paragraph 2 of the Notice purports to comply with Defendant's obligation to disclose the amount of the debt by referencing the paragraph in the complaint with the amount is stated. *Id*. ("The amount of the debt is stated in paragraph 9 of the Complaint attached hereto."). This section of the state court complaint, however, provides a sum "exclusive of interest, costs, and attorney's fees." *Id*. at 8. Plaintiff alleges that, because the lawsuit does not identify these amounts, Defendant failed to meaningfully convey the amount of the Debt in violation of § 1692g(a)(1). Doc. 1 at ¶ 29-31, 69.

Paragraph 3 of the Notice states that Defendant will assume the Debt is valid unless Plaintiff makes a dispute in writing. Doc. 1-1 at 16. Plaintiff alleges that this violates § 1692g(a)(3). Doc. 1 at ¶¶ 32, 73. Plaintiff also alleges a violation of § 1692g(b), *id*. at ¶¶ 20-23, 83, based on Defendant's failure to reconcile the requirement to respond to the lawsuit within 20 days, Doc. 1-1 at 2-3, with the disclosure that Plaintiff has 30 days in which to dispute the Debt under the FDCPA.

### 2. 1692e claims

Paragraph 1 of the Notice states that Defendant "*may be deemed* a 'debt collector' under the [FDCPA]" and that "[a]ny and all information obtained during the prosecution of this lawsuit *may be used* for all purposes of collecting a debt." Doc. 1-1 at 16 (emphasis added). Plaintiff alleges that this statement conflicts with Defendant's obligation under § 1692e(11) to advise that "the communication *was* an attempt to collect a debt and any information obtained *would be* used for that purpose." Doc. 1 at ¶ 64 (emphasis added). In addition, Plaintiff alleges that the Notice generally violates § 1692e and the "catch all" provision of § 1692e(10), *id*. at ¶¶ 56, 61, because it would confuse the consumer about Defendant's status as a "debt collector under the FDCPA," *id*. at ¶ 27.

### C. Class Action Claims

Plaintiff alleges that the Notice is based on a form or template that Defendant routinely serves in connection with lawsuits brought against consumers. *See* Doc. 1 at ¶¶ 34-35. Accordingly, he seeks to represent "[a]ll individuals in the State of Florida to whom Defendant served, within one year before the date of this complaint and in an attempt to collect a debt, a lawsuit and notice based on the Template." *Id*. at ¶ 36. Defendant disclosed

to Plaintiff's counsel ("Class Counsel") a list of 191 individuals, including Plaintiff, who meet this class definition. *See* Doc. 29-3 at 4, ¶ 18.

Defendant also produced financial records, allowing Class Counsel to assess the possible recovery for the Class. *Id.* at 3, ¶ 9. Because "actual damages in consumer actions under these statutes will often be difficult to prove," *Avila v. Van Ru Credit Corp.*, No. 94 C 3234, 1995 WL 22866, at *11 (N.D. Ill. Jan. 18, 1995), the maximum amount of damages that the Class could receive under the FDCPA is one percent of Defendant's net worth. *See Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) (statutory damages under the FDCPA awarded "per action").

### D.   Settlement Agreement

On April 25, 2019, the Parties jointly filed a notice advising the Court that the parties had reached an agreement, in principle, to settle this matter on a classwide basis. Doc. 25. The Agreement calls for the creation of a settlement fund in the amount of $6,054.26. Doc. 29-1 at 10. In the view of Class Counsel, this represents at least 1% of Defendant's net worth. Declaration of Russell S. Thompson IV ("Declaration"), filed herewith, at ¶¶ 5-8.[2]

Each class member is guaranteed to receive at least $31.69. *See* Doc. 29 at 11. The Agreement also calls for Plaintiff to receive $1,000 for his FDCPA claim and $500 as compensation for his service to the Class. Doc. 29-1 at 11. Through the Agreement, Defendant has agreed to "pay the reasonable attorneys' fees and litigation expenses of Class Counsel in an amount to be determined by the Court." *Id.* Defendant has agreed not to

---

[2] Given the sensitive nature of Defendant's confidential financial documents, counsel for Defendant will bring the documents to the final fairness hearing for the Court's review and consideration.

oppose any amount requested, up to $15,000 and to reimburse Class Counsel for up to $1,000 in "non-litigation expenses related to class administration," *id.*, "provided that they represent amounts actually incurred for that purpose," *id*. at 13.

    **E.**  **Preliminary Approval and Conditional Certification**

On May 31, 2019, the parties filed their Joint Motion for Conditional Class Certification and Preliminary Approval of Class Action Settlement Agreement ("Joint Motion"). Doc. 29. On August 26, 2019, Magistrate Irick issued a report and recommendation ("R&R") that the Joint Motion be granted, with some modifications to the parties' proposed preliminary approval order. Doc. 30. On September 6, 2019, the Court adopted the R&R, granted the Joint Motion, and approved the preliminary approval order with the R&R's suggested modifications. Doc. 32 at 1. The Court set a final fairness hearing for January 2, 2020, at 10:00 a.m. *Id*. at 2.

    **F.**  **Notice to the Class and Reaction from the Class Members**

On September 20, 2019, Class Counsel mailed notice to the other 190 members of the class. Declaration at ¶ 11. The notice conformed to the requirements set forth in the R&R and the Court's preliminary approval order. *Id*. at ¶ 12. Notices were returned for 13 individuals. *Id*. at ¶ 13. None of the 13 returned notices contained forwarding addresses. *Id*. at ¶ 14. Class Counsel conducted a search through the National Change of Address database for updated addresses for these 13 individuals, but no better addresses were located. *Id*. at ¶ 15. As such, 93% of the absent class members are presumed to have received actual notice of the proposed settlement.

The Notice advised the absent class members of their right to make an appearance, to object to the proposed settlement, or to exclude themselves from the class. *Id*. at ¶ 16. Class members were required to file an appearance with the Clerk by December 12, 2019. *Id*. at ¶ 17. No class member has entered an appearance. *Id*. at ¶ 18. Class members were required to mail any requests for exclusion to Class Counsel and Defendant's counsel, postmarked by December 19, 2019. *Id*. at ¶ 19. No class member has requested exclusion. *Id*. at ¶ 20. Objections were to be postmarked by December 12, 2019, and mailed to Class Counsel, Defendant, and the Clerk. *Id*. at ¶ 21. No objections have been lodged. *Id*. at ¶ 22.

### III.    Discussion

#### A.    The Class Has Received the Best Practicable Notice Under Rule 23.

"Rule 23(e) requires a court to 'direct notice in a reasonable manner to all class members who would be bound' by the proposed settlement." *Grant v. Ocwen Loan Servicing, LLC*, No. 315CV01376J34PDB, 2019 WL 367648, at *3 (M.D. Fla. Jan. 30, 2019) (quoting Fed. R. Civ. P. 23(e)(1)(B)). For Rule 23(b)(3) class settlements, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "However, the 'best practicable' notice standard does not require that every class member actually receive notice." *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1261 (S.D. Fla. 2016) (citing 5–23 Moore's Federal Practice—Civil § 23.102). "The relevant question is not whether every absent class member actually receives notice, but whether the notice that the court orders is reasonably calculated to reach the absent members." *Ibid*. "The

8

fact that some class members may not actually receive timely notice does not render the notice inadequate as long as the class as a whole had adequate notice." *Ibid*.

In adopting the R&R, the Court previously concluded that the notice itself and the process for delivering it met the standards required by Rule 23.  *See* Doc. 32; Doc. 30 at 12-14 (discussing adequacy of proposed notice to the Class).  Class Counsel has delivered notice in accordance with the Agreement.  Over 93% of the class members are presumed to have actually received notice of the proposed settlement.  This exceeds rates found to be sufficient in other class settlements.  *See e.g.*, *Myers v. Jani-King of Philadelphia, Inc*., No. CV 09-1738, 2019 WL 4034736, at *1 (E.D. Pa. Aug. 26, 2019) ("class counsel was able to reach approximately 92% of the possible class members"); *Kay Co. v. Equitable Prod. Co*., 749 F. Supp. 2d 455, 467 (S.D.W. Va. 2010) (praising parties for achieving "direct, individual notice to more than 91% of the approximately 9,000 member class").  Accordingly, the Class has been provided with notice in accordance with Rule 23.

**B.      Rule 23's Criteria for Class Certification Are Satisfied.**

In granting preliminary approval, the Court found that the Class meets all of the express criteria of Rule 23(a) and Rule 23(b)(3).  Doc. 30 at 6-11.  Given the absence of any objections from the absent class members, the Court should find that the Class may be certified under Rule 23.  *See Williams v. New Penn Fin., LLC*, No. 3:17-CV-570-J-25JRK, 2019 WL 2526717, at *2 (M.D. Fla. May 8, 2019) (in granting final approval, "not[ing] there have been no objections to class certification and no change in circumstances to alter the Court's previous conclusions. Thus, the Court will certify the class for the reasons stated in the Preliminary Approval Order."); *Grant*, 2019 WL 367648, at *4 (same).

### C. The Settlement is Fair, Reasonable, and Adequate.

This Court has traditionally relied on the factors set forth by the Eleventh Circuit in *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984), to determine whether a class settlement is fair, reasonable, and adequate—and these factors remain relevant. *See Williams*, 2019 WL 2526717, at *2-3 (citing *Bennett* factors); *Grant*, 2019 WL 367648, at *4 (same). Rule 23 was amended in 2018 to include express criteria that the Court must consider when deciding whether to approve a class settlement. *See Grant*, 2019 WL 367648, at *4-5 (discussing 2018 amendment to Rule 23); *Williams*, 2019 WL 2526717, at *3 (discussing Rule 23(e)(2) criteria). Rule 23(e) now requires the Court to determine whether the settlement is "fair, reasonable, and adequate after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other."

Fed. R. Civ. P. 23(e)(2).

Because the R&R already addressed the *Bennett* factors—and concluded that they were satisfied, *see* Doc. 30 at 15-19—the Parties will confine the discussion to the express criteria under Rule 23(e)(2), which the R&R did not directly discuss.

### 1. Plaintiff and Class Counsel have adequately represented the Class in reaching a settlement proposal at arm's length.

The requirements under Rule 23(e)(2)(A) and (B) "speak to ' 'procedural' concerns, looking to the conduct of the litigation and of the negotiations leading up to the proposed settlement.'" *Gumm v. Ford*, No. 5:15-CV-41-MTT, 2019 WL 479506, at *3 (M.D. Ga. Jan. 17, 2019) (quoting Fed. R. Civ. P. 23 Advisory Comm.'s Note, 2018 amend.). "The focus should be 'on the actual performance of counsel acting on behalf of the class,' including whether class counsel 'had an adequate information base' and whether negotiations 'were conducted in a manner that would protect and further the class interests.'" *Ibid*.

Here, "the parties reached settlement at a fairly early stage of the proceedings," as the R&R recognized. Doc. 30 at 18. Nevertheless, Class Counsel had adequate information from which to base its negotiations, thereby protecting the interests of the class. *See* Declaration at ¶ 5. The early stage of proceedings, therefore, does not weigh against a finding that the settlement is fair, reasonable, and adequate or that Class Counsel has not represented the Class adequately.

While no occasion arose for Plaintiff to be deposed or attend a settlement conference in this matter, Plaintiff has remained in constant communication with his counsel and consistently demonstrated a desire to secure a favorable result for the Class. *Id*. at ¶ 9.

### 2. The relief provided to the Class is adequate under the relevant considerations in Rule 23(e)(2)(C).

The amount negotiated for the Class—$6,054.26—was based on Class Counsel's reasoned, informed, and justified assessment that this was 1% of the maximum amount that could conceivably be asserted as Defendant's net worth under the FDCPA. *Id*. at ¶¶ 5-8.

11

Further litigation—in addition to being time consuming and costly—presents a significant risk that Defendant will establish that its net worth is lower than the amount Class Counsel contended in negotiations. *See* Fed. R. Civ. P. 23(e)(2)(C)(i). There is also a risk that the Class will not be awarded the maximum amount of statutory damages, since the violations alleged are, admittedly, somewhat technical in nature.

The Parties' proposal for distributing the Settlement Fund also weighs in favor of a finding of adequacy. *See* Fed. R. Civ. P. 23(e)(2)(C)(ii). All class members—not just those who submit claims—will receive a portion of the Settlement Fund. And, over 93% of the Class is expected to receive their settlement checks. *See* Section III.A, *supra*.

The amount of attorney's fees will ultimately be determined by the Court and awarded only after a finding of fairness. This supports a finding of adequacy under Fed. R. Civ. P. 23(e)(2)(C)(iii). While Defendant has agreed not to oppose a request of $15,000, this simply reflects the time that it reasonably takes to see a class settlement (even a relatively simple one) through to its completion. *See Gonzalez v. Germaine Law Office PLC*, No. CV-15-01427-PHX-ROS, 2016 WL 5844605, at *1 (D. Ariz. Oct. 3, 2016) (noting that "counsel estimated they would spend 25-35 hours on the final approval motion, documentation, and hearing, and tasks associated with administration of the settlement, adding approximately $10,000-$14,000 to the lodestar" based on similar rates).

There are no other agreements between Plaintiff, Defendant, or Class Counsel, subject to Rule 23(e)(3), besides the Agreement filed as Doc. 29-1. *See* Declaration at ¶ 10. Because the Agreement is fair, reasonable, and adequate, no further analysis under Fed. R. Civ. P. 23(e)(2)(C)(iv) is required.

### 3. The Agreement treats class members equitably relative to each other in light of the FDCPA's statutory damages regime.

The only consideration under Rule 23(e)(2) that does not obviously support a finding of adequacy is whether "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). Here, the Agreement calls for Plaintiff to receive $1,000 under the FDPCA, plus $500 as an incentive award, *see* Doc. 29-1 at 11, while other class members will receive $31.69. The difference in the amount to be awarded to Plaintiff does not, however, tip the scale against finding that the settlement is fair, reasonable, and adequate.

Initially, the FDCPA's statutory scheme expressly recognizes the potential for a significant disparity in the amount awarded to the named plaintiff and the absent class members. *See* 15 U.S.C. § 1692k(a)(2)(B) (allowing the plaintiff to recover up to $1,000, while providing for pro rata distribution to the other class members "without regard to a minimum individual recovery"). This Court has recognized the propriety of awarding an additional $500 to the named plaintiff beyond the $1,000 available under the FDCPA. *See Rigney v. Livingston Fin., LLC*, No. 6:12-CV-617, 2014 WL 12625790, at *8 (M.D. Fla. Mar. 6, 2014) (approving "the payment of $1,000 in statutory damages plus an additional $500 as an incentive award to the Class Representative for her role in the litigation"), *report and recommendation adopted*, 2014 WL 12633494 (M.D. Fla. Mar. 13, 2014).

Without the possibility of an incentive award, Plaintiff would have had little financial motivation to bring this action on behalf of the Class. *Cf. Diakos v. HSS Sys., LLC*, No. CV 14-61784-CIV, 2016 WL 3702698, at *6 (S.D. Fla. Feb. 5, 2016) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit….") (quoting *Cook v. Niedert*, 142

F.3d 1004, 1016 (7th Cir. 1998)). What's more, the Class is receiving *more* than what would likely be recovered by litigating this action to a final judgment. *See* Declaration at ¶ 8. Plaintiff's greater award does not reflect a decision to sacrifice a greater recovery for the Class; rather, it is a fairly sought bonus for his willingness to spend additional time and effort and bear additional risk by pursuing a recovery on their behalf.

### IV.    Conclusion

The Court should certify the Class for settlement purposes and grant final approval of the proposed class settlement. The Class has been properly informed of the settlement, with over 93% of the absent class members receiving individual notice. The Class continues to meet the express criteria of Rule 23. No class member has objected or requested exclusion from the settlement. The Agreement is fair, reasonable, and adequate, as it provides the Class with as much or more than it could obtain through further litigation.

Dated: December 23, 2019

Respectfully submitted,

| | |
|---|---|
| s/Russell S. Thompson, IV | *s/* Charles J. Meltz |
| Russell S. Thompson, IV (*pro hac vice*) | Charles J. Meltz, Esquire |
| Thompson Consumer Law Group, PLLC | Florida Bar No. 985491 |
| 5235 E. Southern Ave., D106-618 | GROWER, KETCHAM, EIDE, TELAN |
| Mesa, AZ 85206 | & MELTZ, P.A. |
| Telephone: (602) 388-8898 | Post Office Box 538065 |
| Facsimile: (866) 317-2674 | Orlando, FL 32853-8065 |
| rthompson@ThompsonConsumerLaw.com | Telephone: (407) 423-9545 |
| | Facsimile: (407) 425-7104 |
| *Attorney for Plaintiff Clark Stewart* | cjmeltz@growerketcham.com |
| | grdietrich@growerketcham.com |
| | |
| | *Counsel for Defendant Florida Community Law Group, P.L.* |

## **CERTIFICATE OF SERVICE**

I certify that on December 23, 2019, I served the foregoing document on Defendant by filing a copy of the same with the Court using CM/ECF, which will send notification of such filing to the following counsel of record:

Charles J. Meltz
Kirsten D. Blum
Grower, Ketcham, Eide, Telan & Meltz, P.A
PO Box 538065
Orlando, FL 32853
cjmeltz@growerketcham.com
kdblum@growerketcham.com

s/Russell S. Thompson, IV
Russell S. Thompson, IV (*pro hac vice*)
