## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO. 6:18-cv-02111-CEM-DCI

CLARK STEWART, *on behalf of himself
and all others similarly situated*,

     Plaintiff,

v.

FLORIDA COMMUNITY LAW GROUP,
P.L.,

     Defendant.

_____/

### CLASS COUNSEL'S UNOPPOSED MOTION FOR
### ATTORNEY'S FEES AND LITIGATION EXPENSES

Russell S. Thompson IV of the Thompson Consumer Law Group and Alexander D. Weisberg of Weisberg Consumer Law Group, PA ("Class Counsel"), hereby move the Court for an award of attorney's fees and litigation expenses in the amount of $15,000. Class Counsel's request is based on litigation expenses of $623.10 and 50.4 hours of time reasonably spent on this action to date. Class Counsel further requests reimbursement of $520.96 for non-litigation expenses related to class administration. Through the parties' class settlement agreement, Defendant has agreed not to oppose this relief. Doc. 29-1 at 11 (¶ 2.3.(D).

## I.    Introduction and Relevant Background

Class Counsel represent Plaintiff Clark Stewart ("Plaintiff") and a class of similarly situated individuals ("the Class"), in this action against Defendant Florida Community Law Group, P.L. ("Defendant"), brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq. See* Doc. 1; Doc. 24; Doc. 30 at 12; Doc. 32.

Plaintiff alleges that Defendant violated various provisions of the FDCPA with respect to the Class based on the deficiencies in a standardized notice that Defendant sent accompanying a

lawsuit filed against them in various state courts.  *See e.g.*, Doc. 1 at ¶¶ 19-32, 34-36, 56, 61, 64, 69, 73, 83.  Including Plaintiff, the Class contains 191 individuals.  Doc. 29-3 at ¶ 18.  In a class action, the FDCPA provides for the recovery of statutory damages in an amount up to (1) for the named plaintiff, $1,000, (2) for the rest of the class, 1% of the debt collector's net worth.  15 U.S.C. § 1692k(a)(2)(B).  The FDCPA also allows the plaintiff to recover reasonable attorney's fees and costs.  *Id*. at § 1692k(a)(3).

On April 25, 2019, Plaintiff and Defendant jointly filed a notice advising the Court that the parties had reached an agreement, in principle, to settle this matter on a classwide basis. Doc. 25.  On May 31, 2019, the parties filed their Joint Motion for Conditional Class Certification and Preliminary Approval of Class Action Settlement Agreement ("Joint Motion"). Doc. 29.  On August 26, 2019, Magistrate Irick issued a report and recommendation ("R&R") that the Joint Motion be granted, with some modifications to the parties' proposed preliminary approval order, which are not relevant to the instant motion.  Doc. 30.  On September 6, 2019, the Court adopted the R&R, granted the Joint Motion, and approved the preliminary approval order with the R&R's suggested modifications.  Doc. 32 at 1. The Court set a final fairness hearing for January 2, 2020, at 10:00 a.m.  *Id*. at 2.  The parties filed a joint motion for final approval on December 23, 2019.  *See* Doc. 34.

The proposed settlement agreement calls for the creation of a settlement fund in the amount of $6,054.26.  Doc. 29-1 at 10.  As such, each class member is guaranteed to receive at least $31.69.  Doc. 29 at 11.  It is Class Counsel's position that this "is the same or more than the [C]lass could receive through contested litigation."  Doc. 29-3 at ¶ 17.  The agreement also calls for Plaintiff to receive $1,000 for his FDCPA claim and $500 as compensation for his service to the Class.  *See* Doc. 29-1 at 11.

Through the agreement, Defendant has agreed to "pay the reasonable attorneys' fees and litigation expenses of Class Counsel in an amount to be determined by the Court." *Id*. Defendant agreed not to oppose any amount requested, up to $15,000. *Id*. Further, Defendant has agreed to reimburse Class Counsel for up to $1,000 in "non-litigation expenses related to class administration," *id*., "provided that they represent amounts actually incurred for that purpose," *id*. at 13.

Should the Court grant final approval of the proposed settlement, Class Counsel requests that the Court award them attorney's fees and litigation expenses in the amount of $15,000, and $520.96 in non-litigation expenses related to class administration.

## II. Legal Standard

"Rule 23(h) provides that '[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement.'" *Williams v. New Penn Fin., LLC*, No. 3:17-CV-570-J-25JRK, 2019 WL 2526717, at *7 (M.D. Fla. May 8, 2019) (quoting Fed. R. Civ. P. 23(h)). "The FDCPA permits a prevailing plaintiff to recover 'the costs of the action, together with a reasonable attorney's fee as determined by the court.'" *Id*. (quoting 15 U.S.C. § 1692k(a)(3)). Even where the defendant agrees to pay a certain amount to Class Counsel as part of an agreed settlement, "the Court 'has an independent supervisory duty to assess the appropriateness of the fee award apart from any agreement reached by plaintiff and defense counsel.'" *Id*. at *8 (citing *Waters v. Int'l Precious Metals Corp*., 190 F.3d 1291, 1296 n.9 (11th Cir. 1999)).

"The starting point in determining a reasonable attorney's fee is the lodestar, which is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate." *Lombard v. Another S. Holding Co., LLC*, No. 6:17-CV-1952, 2019 WL 2423612, at *1 (M.D. Fla. June 10, 2019). "There is a strong presumption that the lodestar figure is reasonable." *Id*.

"Nevertheless, the Court may adjust the lodestar to account for a variety of factors, including those identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)." *Id.* at *1.   "The Johnson factors include 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases." *Lombard*, 2019 WL 2423612, at n.2 (quoting *Johnson*, 488 F.2d at 717-19).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  "[T]ime expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Id.*  District courts "should bear in mind that the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Id.* at 1306 (emphasis added).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Lombard*, 2019 WL 2423612, at *1 (quoting *Norman*, 836 F.2d at 1299).  While the movant bears the burden of establishing evidence of the prevailing market rate, "the Court is an expert on this matter and may 'consider its own knowledge and experience concerning reasonable and proper fees' and 'form an independent judgment...without the aid of witnesses.'" *Id.* (quoting *Norman*, 836 F.2d at 1303).

**III.    If final approval is granted, Class Counsel should be awarded $15,000 in attorney's fees and litigation-related expenses.**

Class Counsel has reasonably spent 50.4 hours on this litigation. *See* Declaration of Russell S. Thompson IV ("Declaration") at ¶ 7.  Applying Class Counsel's hourly rates leads to a lodestar figure of $17,770.50, as shown in the following table:

| Timekeeper | Role | Hours | Rate | Total |
|------------|------|-------|------|-------|
| Russell S. Thompson | Partner | 26.2 | $400.00 | $10,480.00 |
| Alex Weisberg | Partner | 3.5 | $400.00 | $1,400.00 |
| David McDevitt | Associate | 14.4 | $350.00 | $5,040.00 |
| Joel Wresh | Paralegal | 1.9 | $135.00 | $256.50 |
| Zac Landis | Paralegal | 4.4 | $135.00 | $594.00 |
| | | | **TOTAL** | **$17,770.50** |

*Id.*

Class Counsel has incurred $623.10 in litigation-related expenses.  *Id.* at ¶ 26.  Based on the hourly rates approved in this District for FDCPA work, the foregoing figures justify an award of $15,000 to Class Counsel in attorney's fees and litigation-related expenses.

**A.    Class Counsel reasonably spent 50.4 hours on this action.**

The time that Class Counsel spent on this action may be divided into three phases of the case.  *See Norman*, 836 F.2d at 1303 (11th Cir. 1988) ("A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.").

The first phase of the case involved the initiation of the action through the time the parties filed their notice of class settlement, or the period from October 31, 2018 through April 25, 2019.  Declaration at ¶ 8.  Class Counsel billed 22.4 hours for this phase of the case.  *Id.* This is a reasonable amount of time in which to prepare the complaint, engage in case management related work, do preliminary discovery, and negotiate a settlement in principle.

The second phase of the case involved the parties' preparation of the class settlement agreement and motion for conditional class certification and preliminary approval of the class

settlement, or the period from May 3, 2019 through May 31, 2019.  *Id*. Class Counsel billed 12.0 hours for this phase of the case.  *Id.*

The third phase of the case involved the parties' preparation of the final approval motion and Class Counsel's initial preparation of the instant motion, or the period from July 10, 2019 through December 23, 2019.  *Id*. Class Counsel billed 16.0 hours for this phase of the case.  *Id*. Again, these are reasonable amounts of time to spend on these tasks. *See Gonzalez v. Germaine Law Office PLC*, No. CV-15-01427-PHX-ROS, 2016 WL 5844605, at *1 (D. Ariz. Oct. 3, 2016) (noting that "counsel estimated they would spend 25-35 hours on the final approval motion, documentation, and hearing, and tasks associated with administration of the settlement, adding approximately $10,000-$14,000 to the lodestar" based on similar rates).

**B.      Class Counsel's hourly rates are reasonable.**

The hourly rates charged by Class Counsel are reasonable and in line with the prevailing market rates awarded in FDCPA class actions in this District.

Attorneys Thompson and Weisberg are the sole partners at their respective law firms. *See* Declaration at ¶¶ 4, 16. Attorney Thompson has been practicing for almost 8 years. *Id*. at ¶ 11.  Attorney Weisberg has been practicing for over 17 years. *Id*. at ¶ 17. An hourly rate of $400 is reasonable for partner level attorneys with their experience and the type of work rendered in this action.  *See Williams v. New Penn Fin., LLC*, No. 3:17-CV-570-J-25JRK, 2019 WL 2526717, at *8 (M.D. Fla. May 8, 2019) (awarding $500 per hour to partners in FDCPA class settlement and citing cases in which counsel had been awarded up to $650 per hour); *Baez v. LTD Fin. Servs., L.P.*, No. 615CV1043ORL40TBS, 2019 WL 2223773, at *4 (M.D. Fla. May 23, 2019) (awarding partners $450 per hour in FDCPA class action); *see also Robinson v. Nat'l Credit Sys., Inc*., No. 2:17-CV-386-FTM-38CM, 2019 WL 468580, at *6 (M.D. Fla. Jan. 22,

2019) (recommending $425 per hour for experienced attorneys in FDCPA action), *report and recommendation adopted*, 2019 WL 462979 (M.D. Fla. Feb. 6, 2019).

Class Counsel typically charges $350 per hour for Attorney McDevitt, who assisted Class Counsel with this action. *See* Declaration at ¶ 22. Attorney McDevitt has been licensed to practice for over six years and has worked exclusively in the area of consumer protection. *Id.* at ¶ 21. Attorney McDevitt has been certified as class counsel and awarded $350 per hour in other actions. *See e.g., Ogletree v. Cafe Valley Inc.*, No. CV-16-03881-PHX-JJT, 2018 WL 4179060, at *1 (D. Ariz. Apr. 13, 2018). This Court has approved an hourly rate of $350 in an FDCPA class settlement for an attorney with similar time in practice. *See Ioime v. Blanchard, Merriam, Adel & Kirkland, P.A.*, No. 5:15-cv-130-OC-30-PRL (M.D. Fla. May 16, 2016) (Dkts. 46, ex. 2; 48) (listing hourly rate of $350 for attorney Simmons, who was licensed in 2011, according to website for the State Bar of Florida).

Class Counsel typically charges $135 per hour for its paralegals in class actions. *See* Declaration at ¶ 25. This is an appropriate rate for paralegals in an FDCPA class action brought in this District. *See e.g., Baez*, 2019 WL 2223773, at *4 (noting that Magistrate had recommended $150 per hour for paralegal work).

### C.   Class Counsel's request is plainly reasonable for class action work.

As Class Counsel has incurred $623.10 in litigation-related expenses, the Court need only reach a lodestar calculation of $14,376.90—whereas, Class Counsel's hourly rates yield a lodestar calculation of $17,770.50. Even if the Court finds Class Counsel's suggested hourly rates to be relatively high, it should still grant their request for $15,000 in fees and litigation expenses. *See Grant v. Ocwen Loan Servicing, LLC*, No. 315CV01376J34PDB, 2019 WL 367648, at *9 (M.D. Fla. Jan. 30, 2019) ("even at a reduced rate, the overall amount of fees requested in this action is plainly reasonable"). Applying rates of $350 per hour for Attorneys

Thompson and Weisberg, $300 per hour for Attorney McDevitt, and $100 per hour for paralegals, would still result in a lodestar calculation of $15,345.00.

What's more, Class Counsel has not yet incurred time preparing for and attending the final fairness hearing scheduled for January 2, 2020. And, assuming that the settlement is finally approved, Class Counsel will still spend additional time mailing the settlement checks to the class members and any other work that needs to be done. In short, Class Counsel's request for $15,000 in attorney's fees and litigation-related expenses is plainly reasonable.

## IV.    If final approval is granted, Class Counsel should be reimbursed an additional $520.96 in non-litigation expenses related to class administration.

To avoid the excessive cost of retaining a third-party class settlement administrator, the parties agreed that Class Counsel would mail class notices, process any requests for exclusion, and mail settlement checks to the Class, if the settlement is given final approval. The parties' agreement states that "Class Counsel may also seek from the Court up to $1,000 in expenses related to class administration, to be paid by Defendant, provided that they represent amounts actually incurred for that purpose." Doc. 29-1 at 13.

Class Counsel incurred $287.68 to send notice to the Class. *See* Declaration at ¶ 27. Class Counsel anticipates incurring an additional $233.28 to send settlement checks to the Class. *Id*. As such, if the Court approves the settlement, Class Counsel should be awarded an additional $520.96 as part of the final judgment.

## V.    Conclusion

If the Court grants final approval of the proposed class settlement, Class Counsel should be awarded a total of $15,520.96 in attorney's fees, litigation-related expenses, and expenses related to class administration.

Dated: December 26, 2019

<div style="margin-left: 40%;">

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (*pro hac vice*)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorney for Plaintiff Clark Stewart

</div>

**CERTIFICATE OF SERVICE**

I certify that on December 26, 2019, I served the foregoing document on Defendant by filing a copy of the same with the Court using CM/ECF, which will send notification of such filing to the following counsel of record:

Charles J. Meltz
Kirsten D. Blum
Grower, Ketcham, Eide, Telan & Meltz, P.A
PO Box 538065
Orlando, FL 32853
cjmeltz@growerketcham.com
kdblum@growerketcham.com

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (*pro hac vice*)

**CERTIFICATE OF CONFERENCE**

I certify that in accordance with L.R. 3.01(g), the parties have conferred and that Defendant is unopposed as to the subject matter of this motion. *See* Doc. 29-1 at 11 (¶ 2.3(D)).

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (*pro hac vice*)